## AETNA CASUALTY & SURETY CO. v. BLOCK.

### No. 1998.

Court of Civil Appeals of Texas. Eastland.

April 17, 1942.

See, also, 142 S.W.2d 445; 159 S.W.2d 470.

R. H. Ratliff and Thomas R. Smith, both of Colorado City, for appellant.

Smith & Smith, of Anson, and Eli Goldstein, of San Antonio, for appellee.

FUNDERBURK, Justice.

Upon the original hearing of this case, this court in an opinion of date March 22, 1940, affirmed the judgment of the court below upon condition of a remittitur in the sum of $501.50, which was made. On rehearing, in an opinion of date April 26, 1940, based upon a ground of fundamental error, we set aside the former judgment and reversed and remanded the case. Upon a motion for rehearing by appellee Block, we reached the conclusion that under the uncontroverted evidence Block received his injury while in the course of his employment by L. Zweig in the junk business, as to which said employer had provided no compensation insurance. Upon that conclusion and the further determination that there was no estoppel, as contended, we set aside all former opinions and judgments and reversed the judgment of the court below and rendered judgment for appellant, Aetna Casualty & Surety Company. 142 S.W.2d 445, 447.

As to questions other than the two above mentioned as dealt with in the last opinion we said: "These conclusions render other questions raised by appellant unnecessary to be determined."

The Supreme Court, having taken jurisdiction of the case by writ of error, while expressing no opinion as to whether the compensation insurance covered only the dry goods business—the only business the insured employer had at the time the policy was issued—or whether it covered also the junk business in which the employer had subsequently engaged, held, in effect, that the evidence did not establish conclusively that Block's injury was received while in the course of his employment in the junk business; that the evidence raised an issue of such fact which was concluded in favor of the judgment for Block by the affirmative answer of the jury to special issue No. 5 reading as follows: "Do you find from a preponderance of the evidence that the personal injury, if any, received by the plaintiff, Aaron L. Block, was received by him while he was engaged in the course of his employment for L. Zweig?" (Note, see p. 874.)

Our judgment being reversed, the Supreme Court remanded the case to this court, 159 S.W.2d 470, 471, for the reason that we, having stated that our conclusions rendered it unnecessary to pass upon other questions raised by appellant, it was deemed by the Supreme Court to be "now necessary to pass on these assignments."

Some of these other questions were discussed in our said first opinion which was withdrawn. One of them, we may now dispose of by quoting and adopting the language from said withdrawn opinion as follows:

"One action of the court made the ground of an assignment of error was 'in permitting E. M. Critz to continue to appear as counsel for plaintiff upon the trial of this cause' etc. The bill of exceptions purportedly constituting the record supporting said assignment of error does not, we think, manifest any error. It shows no objection to the action of which complaint is made. In other words, the record fails to show that insurer called upon the court

to make any ruling or take any action in the matter.

▋ "Further, the record shows that the firm of Critz & Woodward, of which E. M. Critz was a member, were attorneys of record for the employee. It was wholly immaterial that the employee did not employ them, or that the employer did employ them. Only the employee had a right to object to their appearance as his attorneys and the absence of any such objection shows an acceptance of their services."

Another question may be here disposed of by adoption from said former opinion, as follows:

[3] "The employee, by his petition, claimed $1,000 for 'medicine, surgery, ambulance, nurse and doctor's bills.' To this the insurer directed an exception that 'no allegations are contained in such petition showing any liability upon the part of the defendant for such doctor bills, medicines, surgical attention, hospitalization and nurse hire, or any of such items.' This exception, although purporting to be a special exception, was in fact a general exception to a particular part of the employee's petition relating to a segregated item sought to be recovered.

"The action of the court in overruling the (so-called) special exception is assigned as error, the supporting reason being that it was not alleged that such expenses were incurred during the first four weeks after the injury or extensions of such period as provided in R.S. 1925, Art. 8306, sec. 7. We think the exception, though general, should have been sustained, except as to the item of $100 for Dr. Bowyer. The latter would seem to come under the provision reading "at the time of the injury or immediately thereafter, if necessary, the employee shall have the right to call in any available physician or surgeon to administer first-aid treatment as may be reasonably necessary at the expense of the association.' As to all of the other items to which the exception was directed there is no liability for same provided by law, unless they were incurred within the time or manner prescribed. Indemnity Ins. Co. v. Garsee, Tex.Civ.App., 54 S.W.2d 817; Lumbermen's Reciprocal Ass'n v. Wilmoth, Tex.Com.App., 12 S.W.2d 972; Maryland Cas. Co. v. Merchant, Tex.Civ. App., 81 S.W.2d 794. The judgment awards recovery of $601.50 for medical and hospital expenses. This error will require

a reversal of the judgment unless the employee consents to a remittitur of $501.50 of said amount."

All other questions briefed, except one, complaining of the testimony of Dr. Southard as being hearsay are believed to be, as the result of the conclusions stated, rendered immaterial, or if abstractly showing error, the error is rendered harmless and it is, therefore, deemed unnecessary to discuss them.

The question regarding the testimony of Dr. Southard we believe is not sufficiently serious to require discussion. In our opinion, the testimony was not subject to the objection that it was hearsay.

In the opinion of this court upon appellant's motion for rehearing, which opinion was also withdrawn, we stated the conclusion that the record manifested fundamental error. We adhere to the same view and therefore quote as part of this opinion what was said in the former opinion as follows:

▋ "Fundamental error is manifest from the record. In the original consideration of the case, our attention not having been called to such error, we overlooked it. The jury having found that plaintiff had suffered total incapacity further found, in answer to special issue No. 12, that plaintiff's total incapacity was permanent. In answer to special issue No. 14 it was found that plaintiff's incapacity was partial. The two findings being directly in conflict, nullify each other.

▋ "In answer to special issue No. 15, the jury found that the percentage of total incapacity was 80 per cent. This was in conflict with the finding of total incapacity. In answer to special issue No. 17 the jury found that plaintiff had suffered, or would suffer, partial incapacity for 402 weeks. This was in conflict with the finding of total and permanent incapacity. The verdict of the jury, as a matter of law, will not support the judgment."

For this error, it is our conclusion that the judgment should be reversed and the cause remanded. It is accordingly so ordered.

(NOTE:) This note, expressing only the personal views of the writer, is intended to serve a purpose somewhat akin to that of "Personal Privilege" remarks, well known in parliamentary procedure.

The record in this case, independently of the verdict of the jury, shows conclusively that

Block sustained an accidental injury while engaged in the course of his employment, and that his employer was L. Zweig. There was, therefore, no necessity or good reason for submitting for the decision of the jury, as was done, (1) whether Block sustained a personal injury on March 1, 1937 (Special Issue No. 4), or (2) whether at the time he received such injury "he was engaged in the course of his employment for L. Zweig" (Special Issue No. 5). According to the uncontradicted evidence Block received an accidental personal injury on March 1, 1937 while he was engaged in the course of his employment for L. Zweig, wholly regardless of whether at the time he was serving his employer in the furtherance of his business as a junk dealer, or that of a dry goods merchant. Did the jury by its answer to either or both of said questions decide that the injury was received in any particular one of said two businesses? Did the jury thereby decide that Block was at the time he received the injury engaged in the dry goods business? How should special issue No. 5 have been answered if the jury believed (as it was our view the uncontroverted evidence showed) that Block received his injury while engaged in the course of his employment in the junk business for his employer, L. Zweig? Under the admitted facts that L. Zweig was engaged in the junk business and also engaged in the dry goods business and that Block was an employee charged with duties in both businesses, how could the issue as it was stated have been answered in any other way than it was answered, regardless of which of the two businesses he was engaged in at the moment of his injury?

It seems to me that under the circumstances as stated that to accord to the jury's verdict upon special issue No. 5, the effect of deciding a controverted issue and of deciding that issue to the particular effect that Block received his injury while engaged in the course of his employment in the dry goods business constitutes a conspicuous example of miscarriages of justice.

If no effect be given to the finding of the jury as determining in which of the two businesses Block was engaged when the accident occurred, as the fact that whether he was engaged in one or the other required the same finding logically seems to require, then there was no finding that Block was engaged in the course of his employment in the dry goods business.

The opinion of the Supreme Court seems to assume that if the evidence did not establish conclusively the fact that Block was at the time of the injury engaged in the junk business then it would follow as a matter of law that he was engaged in the dry goods business. It seems to me that such an assumption is not warranted. Surely it cannot be said that Block did not stop his work in the dry goods business and engage for sometime at least in the work of his employment in the junk business. The evidence was that he stepped upon the wheel of the trailer and viewed the scrap iron preliminary to making an appraisement of its price. Suppose he had then slipped and sustained an injury similar to the one he did sustain a few minutes later while standing out in the alley talking to one of the junk sellers. In that case he could not have been engaged in the dry goods business just as certainly as that the dry goods business and the junk business were two separate businesses and the employees in one were protected by compensation insurance and the employees in the other were not.

Then what was the evidence to show, that when he received his injury he was engaged in the dry goods business? Had he gone home to lunch and was standing around talking before he had even started back to the store and had received an injury, could it be contended that he was engaged in the duties of his employment at the store? Then how can it be said that even if he had finished his duties in the junk business and was standing out in an alley, but had done nothing to show a resumption of his duties in the dry goods business that a finding of the jury that "he was engaged in the course of his employment for L. Zweig" (which he was in either case) was a finding that he was not engaged in the course of his employment for L. Zweig in the junk business, but was so engaged in the dry goods business. I feel justified in making the suggestion that upon another trial of the case the court should recognize the real issue which the Supreme Court has held to have been a controverted one for the jury's decision and submit to the jury whether at the time Block received the injury he was engaged in the course of his employment in the junk business of L. Zweig; and since a negative finding upon that issue would not determine as a matter of law that he was engaged in the dry goods business, that the latter issue be also submitted.