## TEXAS EMPLOYERS' INS. ASS'N v. HIERHOLZER.

### No. 9662.

Court of Civil Appeals of Texas. Austin.

Dec. 10, 1947.

Rehearing Denied Dec. 29, 1947.

Eskridge & Groce and Walter Groce, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

HUGHES, Justice.

This is a Workmen's Compensation case in which appellee, Walter Hierholzer, recovered judgment against appellant, Texas Employers' Insurance Association, for total and permanent disability, hospital and medical expenses incurred, and for doctor's services rendered.

Trial was before a jury.

■ Appellant concedes that the injuries sustained by appellee resulted in total disability, but denies the sufficiency of competent evidence to support the jury finding that the total disability was permanent.

Appellee, age 49, was at the time of his injury, March 20, 1946, employed as an attendant in a filling station. He sold gasoline, oil and miscellaneous merchandise, patched tires, serviced and made minor repairs on automobiles. At the time of his injury appellee was carrying a cup of gasoline to a customer. The gasoline exploded while the cup was in his hands and before the fire was extinguished by his son appellee was severely burned, and was immediately carried to the Robert B. Green Hospital by ambulance, where he remained for a few hours and was then transferred to the Santa Rosa Hospital, where, confined to his bed, he stayed 38 days.

Appellant's doctor attended appellee for the first 5 days he was in the hospital, when such services were discontinued by appellant. Dr. C. M. Cotham was then employed and visited appellee about 30 times during his stay at Santa Rosa. Special nurses were used by appellee from the time Dr. Cotham took charge until appellee left the hospital in a wheel chair.

Appellee's left hand was burned, but at the time of trial had practically healed and only gave trouble in cold weather. Neither the left arm, left side of body, nor either leg was burned. The burns were otherwise confined to the right hand and arm, right side, chest, and right half of back, and the face. The facial burns healed without permanent impairment. One finger on the right hand will have to be removed. The burn and scar under the right arm

prevent this arm from being raised very high or as high as the left arm.

Dr. Perry T. Donop, who had made a recent examination of appellee and who had made X-rays of his body, testified in his behalf that the burns were extensive and that appellee could not at present do any work because of inability to use his right hand and arm, appellee being a right-handed person. As to his future ability to work Dr. Donop stated this was problematical, depending upon a successful series of skin grafts, an intricate matter; that some skin grafts have to be repeated several times before they take, and some skins will not permit grafting at all, and that there was no assurance that skin grafting would be successful. This skin grafting, if undertaken, would be very costly and extend over a number of years, during which time appellee would be unable to do any manual labor. Dr. Donop concluded that there was no reasonable assumption that appellee would ever again be able to do manual labor.

Dr. Amos Maverick Graves, for appellant, testified that skin grafting is a very simple thing and that it takes in practically every case. He recommended amputation of one finger from the right hand, and heat, massage, and exercise for the balance of the hand so as to make it more supple. He found some absorption of calcium in the bones of the right arm which he stated would improve upon the arm being used again. As to the burn and scar tissue under the right arm he testified: "Now, that scar under the arm space, it is about that wide (indicating), right along here, that keeps him from lifting his arm up higher, you can take that out and it throws the skin almost together. In the event that is not really successful, if it does not permit him to raise his arm as high as he should, you can do this, you can cut across there, make an insertion across the scar, then bring these corners together, which will give you more than enough, to cut it open here instead of there, you would get enough to take the scar out and sew the skin together."

This testimony confirms the scope of appellee's injuries as not being confined to the right arm, but as extending as well to the right side, and somewhat detracts from the Doctor's statement that skin grafting is a simple and nearly always successful process.

Dr. Graves was not asked to give an opinion as to appellee's ability to perform manual labor in the future.

The gravity of appellee's injuries is minimized but little by the testimony of appellant's doctor. It is certain that appellee cannot now do the same character of work he was performing at the time of his injury and that he will never be able to do so unless his present condition is relieved. As to this the two doctors expressed different views, which the jury, upon abundant evidence by a reputable doctor (Dr. Donop being so characterized by Dr. Graves) has resolved in appellee's behalf.

■ The following testimony given by appellee was objected to on the ground that it called for a conclusion and an opinion of a non-expert witness: "Q. * * * tell the jury, from the way you feel, whether you think you will be able to do any work in the future? A. Not in the future, no."

The testimony was cumulative, Dr. Donop having testified to the same effect.

Similar testimony was held admissible in Texas Employers Ins. Ass'n v. Long, Tex.Civ.App., 180 S.W.2d 629, Writ Ref. W.M., and being cumulative the error, if any, in admitting the evidence was harmless. Turner v. Stoker, Tex.Civ.App., 289 S.W. 190, Writ Ref. This assignment is overruled.

■ Judgment was rendered against appellant for $350 for doctor's services. The doctor was employed by appellee but had not been paid at the time of trial. Error is assigned to this portion of the judgment. The opinion of the Commission of Appeals in Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W. 2d 969, 972, is cited to sustain the error. It does not do so. The court there held that a hospital and doctor who had rendered services to an injured employee had a direct cause of action against an insurer under the Workmen's Compensation Act and that the

outcome of such suit was not affected by the result of a separate suit by the injured employee against the insurer for compensation. The court quoted, with approval, this language from Texas Employers Ins. Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524, Writ Dismissed: "'The clear import of said provisions (Sec. 7, Art. 8306, V.A.C. S.) is that the right to recover the cost of such services [medical and hospital] accrues to the injured employee, if incurred by him, or to the party or parties furnishing the same.'"

■ The recovery for doctor's services, hospital and medical expenses is complained of for the reason that they were not limited to those incurred during the first four weeks following the injury, there being no pleading or proof that the Industrial Accident Board had authorized such expenditures beyond such time.

Due notice of the injury was received by appellant. Its doctor attended appellee in the hospital for the first 5 days following his injury. The doctor then informed appellee's wife that he was withdrawing from the case and that she should call her own doctor. The record does not show that the insurer has ever admitted any liability, its primary defense being that the employee had been outside his line of duty when the injury was sustained. Nor does the record show that the Board authorized these expenses beyond the first 4 weeks following the injury.

Appellant cites Sec. 7, Art. 8306 V.A.C. S., and the following cases in support of these assignments:

Federal Underwriters v. Brigham, Tex. Civ.App., 184 S.W.2d 849; Maryland Casualty Co. v. Merchant, Tex.Civ.App., 81 S.W.2d 794; Lumberman's Reciprocal Ass'n v. Wilmoth, Tex.Com.App., 12 S.W. 2d 972; Indemnity Ins. Co. v. Garsee, Tex. Civ.App., 54 S.W.2d 817; and Aetna Casualty & Surety Co. v. Block, Tex.Civ.App., 161 S.W.2d 872, 873. In none of these cases by the Courts of Civil Ap-- writ of error applied for.

In the Wilmoth case by the Commission of Appeals it was simply held that under the law as it then existed there was no lia-bility for medical expenses under the Workmen's Compensation Act beyond the first 4 weeks following the injury.

We will not analyze all of the other cases cited for the reason that, in our opinion, this question has, upon principle, been authoritatively settled adversely to appellant by the decision in Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883, Writ Ref. N.R.E. In this case recovery for expenses of an operation, performed more than a year after the injury, was affirmed against the contention that the Board had not given authority therefor. A dissenting opinion was filed by Chief Justice Bond of the Dallas Court of Civil Appeals, in which he expressed the opinion that these expenses were not recoverable, citing in support of this view Secs. 7 and 12e of art. 8306, V.A. C.S., and all of the authorities relied upon by appellant herein, except Aetna Casualty & Surety Co. v. Block, supra, which case is not in point. It merely followed the holding in the Wilmoth case, above cited and explained.

Under these circumstances we follow the decision in the Beaupre case and overrule the assignments of error under consideration.

■■ The jury found that appellee had worked for substantially the whole year preceding the date of his injury in his then present employment. He had worked for about two years immediately prior to his injury for the same employer for whom he worked at the time of his injury. His hours were 18 hours every other day. Appellant contends that this evidence is insufficient to support the finding of the jury.

Working 18 hours every other day is the equivalent of working 9 hours every day. In Texas Employers Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399, it was held that under art. 8309, V.A.C.S. an employee who worked 4 days one week and 5 days the next week during the preceding year, and who received a monthly salary of $122 should be regarded as having worked substantially for the whole of such year, and that his average weekly wage was calculated by dividing the annual wage by 52.

Appellee received a monthly salary of $150, or an annual salary of $1,800. The trial court divided this amount by 52 in order to arrive at the average weekly wage, and under the Clack case, supra, was correct in so doing.

■ On the ground that appellee was an interested witness and alone testified to the amount of his wages, appellant contends an issue of fact was raised which required a jury finding. This point is overruled upon the authority of Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, wherein it is held that, as here, where it appears that the testimony of an interested witness is uncontradicted by witnesses or attendant circumstances, and is clear, direct, positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is as a matter of law taken as true.

■ Appellee testified that in filling cars with gasoline the tank would sometimes run over and a little gasoline would be lost, and that he had to make up the shortages. Appellant contends that the amount of the shortages should have been proved and deducted from the annual wage. We conclude from the evidence and know as a matter of common knowledge that the amount of gasoline lost in the manner indicated would be very small, and applying the rule that the law takes no notice of trifles we overrule this contention.

■ The last point presented is that the trial court erred in providing in the judgment that the amounts recovered for doctor's services and hospital and medical expenses, $350 and $390.10, respectively, should bear 6% interest from October 24, 1946, until paid. Final judgment was rendered December 24, 1946, from which date these items bore interest and not from October 24, 1946. The judgment is therefore reformed as to so provide.

As this error was not called to the attention of the trial court and no opportunity for correction afforded, we assess all costs against appellant.

As reformed the judgment of the trial court is affirmed.

Reformed and affirmed.