Ernest J. BISKAMP, Appellant,

v.

Paul L. MEADERS, Jr., Independent Executor of the Estate of Paul L. Meaders, Sr., Deceased, and Lorna Pumroy Meaders, Appellees.

No. 13258.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1957.

Rehearing Denied Jan. 15, 1958.

Cox, Patterson & Smith, San Antonio, for appellant.

Clifton & Tynan, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Ernest J. Biskamp against Paul L. Meaders, Sr., and Mrs. Lawrence O'Connor (Mary Vivian O'Connor), seeking to recover damages arising from a breach of a contract dated August 25, 1954, whereunder plaintiff agreed to sell to Paul L. Meaders, Sr., five oil and gas leases in Karnes County, Texas, and Paul L. Meaders, Sr., agreed to pay plaintiff the sum of $25,000 for said leases. Plaintiff further agreed to drill an oil well, within a prescribed length of time, to the depth of 4,000 feet on one of the leases involved in the sale.

On or about August 25, 1954, the date of the contract, Paul L. Meaders, Sr., in purported compliance with his obligations under said contract, delivered in escrow to the Alamo National Bank of San Antonio, the agreed escrow agent, the personal check of Mrs. Mary Vivian O'Connor (Mrs. Lawrence O'Connor) in the sum of $25,000, drawn on the Victoria Bank and Trust Company, Victoria, Texas. Thereafter, plaintiff fully complied with the August 25, 1954, contract, by drilling an oil well (which resulted in a dry hole), to its required depth, within the required time, and by making proper assignments of the five oil and gas leases. However, the personal check of Mrs. Lawrence O'Connor, having been duly presented for payment to the drawee bank, was not honored by said bank, nor was any part of the agreed contract price paid to plaintiff in consideration of his assignments of the leases.

Plaintiff brought this suit for the sum of $25,000.00 damages (the agreed contract price), under the provisions of Rule 185, Texas Rules of Civil Procedure, and asked for a reasonable attorney's fee, under the provisions of Article 2226, Vernon's Ann. Civ.Stats., alleging $5,000 to be reasonable in the premises. Ultimately, plaintiff settled his claim against Mrs. O'Connor for

the sum of $22,500 and applied $20,000 on the obligation and $2,500 to the payment of attorney's fees, and continued his claim against Paul L. Meaders, Sr., for the balance of $2,500 due under the contract and $5,000 attorney's fees.

On April 5, 1955, Paul L. Meaders, Sr., died, and Paul L. Meaders, Jr., Independent Executor of the Estate of Paul L. Meaders, Sr., Deceased, and Lorna Pumroy Meaders, surviving wife of Paul L. Meaders, Sr., were named as defendants.

The trial was to a jury and resulted in judgment that Ernest J. Biskamp take nothing, from which judgment he has prosecuted this appeal.

Appellant's first two points present the contention that the trial court erred in overruling and in not sustaining appellant's motion for judgment on the pleadings, for the reason that neither of the defendants' pleadings on which announcement of ready was made, contained a written denial under oath, stating that plaintiff's verified claim is not just or true in whole or in part, as is required by Rule 185, T.R.C.P.

Appellant's original petition and first amended original petition are based upon the provisions of Rule 185, T.R.C.P., which read as follows:

"Rule 185. Suit on Sworn Account

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets,

payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such claim is not just or true, in whose or in part, and if in part only, stating the items and particulars which are unjust; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. *When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.*" (Emphasis ours.)

■ Appellant's suit is for a liquidated money demand based upon a written contract, and it was stipulated at the trial that appellant had performed his part of the contract. The amount of money due appellant under the contract is clearly provided for, and therefore this suit was based upon the claim for a liquidated money demand. Cleveland v. San Antonio Building and Loan Ass'n, 148 Tex. 211, 223 S.W.2d 226, 12 A.L.R.2d 781.

"II. Further pleading herein, defendant specifically denies that the purported account or money demand asserted by plaintiff in this cause is just, true, due, or correct, and specifically alleges that this defendant is not indebted unto plaintiff in any sum of money whatsoever by reason of the facts hereinafter specifically alleged.

"III. This defendant would further show to the Court that at the time of the execution of the contract herein declared upon, and simultaneously therewith, plaintiff herein agreed to accept, and did accept as the escrow deposit mentioned in said contract and as the purchase price of the oil, gas and mining leases in said contract men-

tioned, a check in the sum of Twenty-five Thousand ($25,000.00) Dollars, of date August 24, 1954, payable to the order of Alamo National Bank, and drawn by Mary Vivian O'Connor; that said check was accepted by plaintiff in full and complete satisfaction of any and all obligations imposed upon the said Paul L. Meaders, Sr., by the terms of the contract herein declared upon."

Following the prayer for recovery, the attorney for defendant made the following statement, which was subscribed and sworn to before a notary public, to-wit:

"I, George G. Clifton, attorney for defendant herein, affirmatively state that the above and foregoing allegations set forth in paragraphs II and III hereof are true and correct."

In this connection, defendant Lorna Pumroy Meaders was given leave to file a sworn denial in form identical with the sworn denial of the defendant Paul L. Meaders, Jr., Independent Executor of the Estate of Paul L. Meaders, Sr., Deceased. At the time the transcript was prepared Lorna Pumroy Meaders had not yet filed her second amended original answer.

■ The attorney's affidavit, when considered in connection with paragraphs two and three of appellee's answer, substantially complies with the provisions of Rule 185, T.R.C.P. Dollie Adams Oil Corp. v. Roberts, Tex.Civ.App., 259 S.W.2d 311; Word v. J. E. Earnest & Co., Tex.Civ.App., 129 S.W.2d 833, reversed on other grounds, 137 Tex. 16, 152 S.W.2d 325; Moore v. McKinney, Tex.Civ.App., 151 S.W.2d 255; Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208. The court erred, however, in admitting in evidence over appellant's objection, appellees' Exhibit No. 6, as such exhibit violates the parol rule in that it is a prior or contemporaneous instrument seeking to violate or contradict the terms of an executed effective written contract.

Appellees' Exhibit 6 reads as follows:

"August 24, 1954
"Alamo National Bank
"San Antonio, Texas

"Gentlemen:

"I hand you herewith contract, leases, and check in the sum of Twenty Five Thousand Dollars ($25,000.00), which check to be held by you and not cashed for a period of ten (10) days from its date. Otherwise, this check is to be held in escrow under the terms of contract herewith tendered you.
"Yours truly,
"/s/ Paul Meaders"

"The above mentioned check is dated August 24, 1954, being Check No. B-10184 payable to Alamo National Bank in the sum of $25,000 drawn on Victoria Bank and Trust Co., Victoria, Texas, by and signed by Mary Vivian O'Connor.
"O.K. E.J.B.
"(Ernest J. Biskamp)"

■ Appellees contend that when appellant placed his O.K. and his initials on said exhibit he agreed to look only to the check of Mrs. O'Connor in satisfaction of Paul L. Meaders' obligation. If this instrument be given that effect then it would vary the terms of the written contract providing that Paul L. Meaders, Sr., was to deposit the sum of $25,000 in the bank in escrow to guarantee his performance of his part of the contract. 17 Tex.Jur. 791, Sec. 252; McCormick and Ray, Texas Law of Evidence, 444; Patton v. Crews, Tex.Civ.App., 264 S.W.2d 467; Derrough v. Derrough, Tex. Civ.App., 264 S.W.2d 780; Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477.

■ Even if appellees' Exhibit No. 6 was properly admitted in evidence, the meaning of appellant's O.K. thereon was, to say the least, ambiguous. Appellant testified that he understood by his O.K. on the letter that he was agreeing that the check

could be held for ten days, and this testimony was not contradicted. Therefore, appellees' contention that appellant had agreed to look only to the check of Mrs. O'Connor for the payment of his $25,000 could not be sustained. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Texas Employers' Insurance Association v. Hierholzer, Tex.Civ. App., 207 S.W.2d 178; Dallas Hotel Company v. Lackey, Tex.Civ.App., 203 S.W.2d 557.

We are of the opinion that appellant is entitled to recover reasonable attorney's fees under the provisions of Art. 2226, Vernon's Ann.Civ.Stats. The trial court found that reasonable attorney's fees herein would be the sum of $5,000.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellant recover from appellees the sum of $7,500, together with interest at the rate of 6% per annum from the date of this judgment.

Reversed and rendered.