**Clayton M. HARRELL et al., Appellants,**

v.

**Orville F. BAKHAUS et al., Appellees.**

**No. 13359.**

Court of Civil Appeals of Texas.

San Antonio.

July 9, 1958.

Rehearing Denied July 30, 1958.

686

Elledge, Urban & Bruce, Houston, Stafford, Atlas & Spilman, McAllen, for appellants.

Ewers, Cox & Toothaker, McAllen, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Orville F. Bakhaus and his brother, O. A. Bakhaus, joined by their respective wives, against Clayton M. Harrell, John Kenneth Harrell, H. M. Harrell, Jr., and J. E. Harrell, engaged in business as partners under the firm names of Harrell Drilling Company and Harrell Oil Company, seeking to recover the sum of $20,000, alleged to have become due to plaintiffs under the terms of an oil and gas lease executed by plaintiffs to defendants. Both parties filed motions for summary judgment. The trial court overruled the motion of defendants, granted the motion of plaintiffs, and rendered judg-

ment in their favor for the sum of $20,000, plus $3,720, interest to date of judgment, and $4,000, attorneys fees, from which judgment the defendants have prosecuted this appeal.

The correctness of the trial court's action depends upon the construction of and meaning to be given to four written instruments.

The first written instrument was dated November 9, 1954, wherein appellees, referred to herein as lessors, entered into an oil, gas and mineral lease with appellants, referred to herein as lessees, and leased to them certain described lands in Hidalgo County, Texas, for mineral development purposes. The primary term of said lease was fixed, by Section 2 thereof, at forty-five days from said date, and the term of said lease was made to continue as long thereafter as oil, gas or other mineral was produced from the premises. Section 9 of said lease provided as follows:

"9. As a part of the consideration hereof, Lessee agrees, binds and obligates itself, on or before sixty (60) days from this date, to pay lessor at McAllen, Texas, the sum of Twenty Thousand Dollars ($20,000.00) unless it shall have, on or before such date, commenced actual drilling of a test well for oil, or gas on said premises and thereafter drills same with due diligence to the present producing sands in the well or wells located east and southeast of said premises, unless oil or gas is produced in commercial quantities at a lesser depth."

This instrument was not actually delivered by lessors to lessees until on or about November 17, 1954.

Pursuant to lessees' request, lessors thereafter agreed to join in the execution of a second written instrument that would extend the primary term of the lease, but would continue in full force and effect all the other terms, conditions and obligations thereof. Accordingly, a virtual duplicate

of said first instrument was executed, bearing date of November 9, 1954, and the only material change being in paragraph .2 thereof, wherein the primary term was fixed at "eighty (80) days", so as to make it terminate on January 28, 1955, in place of December 24, 1954. Section 9 was in the exact language as it appeared in the first lease.

Shortly before the extended primary term expired, lessees requested of lessors a further extension, and lessors executed a written extension agreement extending the primary term to February 7, 1955. This third agreement was not delivered to lessees until February 3, just four days before the primary term, as extended, would expire. Lessees never at any time prior to February 7, 1955, began the drilling of a well, and thus the lease, including the extension agreement expired by its own terms. Accordingly, appellees contend they are entitled to recover the $20,000 provided for in Section 9 of the lease.

Appellants contend that there is a fourth written instrument which should be taken into consideration. This instrument was never fully executed and delivered and therefore never became effective. It was dated February 24, 1955, purported to extend the primary term of the lease to March 31, 1955, and to change Section 9 so as to provide that the $20,000 would be payable "unless lessees shall have commenced actual drilling of a well on or before March 31, 1955." It also permitted pooling. There were other proposed changes not necessary to here state. Appellants admit that this instrument was never fully executed and unconditionally delivered, and therefore never became effective as a written instrument, but contend that appellees orally agreed to execute and deliver said instrument, and relying upon this oral agreement they expended large sums of money to their own injury, and therefore appellees are estopped to claim that $20,000 is now due and payable, but on the contrary have waived their right to the $20,000. We do not agree.

When appellants permitted February 7, 1955, to pass without beginning to drill a well on the leased premises the lease expired, and thereafter there was no lease. The parties did enter into negotiations looking to a new lease, but never succeeded in executing and delivering such lease or extension agreement.

Appellants contend that the parties orally agreed upon the terms of a new lease or extension agreement, and that relying upon such oral extension agreement acted to their own detriment, thus estopping appellees to claim the $20,000 provided for in the first and second instruments.

Appellants were charged with knowledge that an oil and gas lease is a conveyance of an interest in land and must be in writing. 20–A Tex.Jur. 376, § 105. In the second place appellants were charged with knowledge that preliminary negotiations looking to the execution of a written instrument are not binding on the parties until such preliminary agreements are reduced to writing and signed by the parties, and the instrument delivered. This is true, even though the contract is not required to be in writing. Simmons & Simmons Construction Co. v. Rea, 155 Tex. 353, 286 S.W.2d 415, affirming Court of Civil Appeals opinion 275 S.W.2d 747; Burnett v. Mar-Tex. Realization Corp., Tex.Civ.App., 250 S.W.2d 612.

The record shows that appellants relied upon the oral promise of appellees to later execute a written instrument, and in doing so permitted their lease to expire. Therefore, they are not now in a position to claim any right under such proposed written instrument, by estoppel or otherwise. Miller v. Unsicker, Tex.Civ.App., 5 S.W.2d 624; Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808; 20–A Tex.Jur. 427, § 146.

Appellants next contend that there was no consideration for the payment of the $20,000. We do not agree. It is undisputed that at the time this lease was executed the Bakhaus lease was a valuable one and others were trying to secure it. The $20,000 was in the nature of a deferred bonus and was a part of the consideration for the lease, the payment of which could be defeated by appellants' commencing the drilling of a well within the time stated in the lease. It was in no sense a penalty, as shown by the wording of the written lease.

The trial court did not err in allowing attorney's fees. Art. 2226, Vernon's Ann. Civ.Stats. Biskamp v. Meaders, Tex.Civ. App., 308 S.W.2d 898, writ of error granted and now pending in Supreme Court.[1]

The judgment is affirmed.

## On Motion for Rehearing.

In our original opinion we held that the trial court did not err in granting attorney's fees, based upon our opinion in Biskamp v. Meaders, Tex.Civ.App., 308 S.W.2d 898. Since we delivered our original opinion in the present case, the Supreme Court has reversed our holding in the above case, in an opinion delivered on July 9, 1958, Meaders v. Biskamp, Tex., 316 S.W. 2d 75.

Accordingly, we now hold that the trial court did err in allowing attorney's fees, and the judgment of the trial court will be reversed wherein it allows attorney's fees in the sum of $4,000, and judgment here rendered that appellees recover no attorney's fees. In other respects we adhere to our original opinion.

Therefore, our judgment heretofore entered herein will be set aside and the judgment of the trial court will be amended so as to allow no recovery for attorney's fees, and as thus amended will be affirmed. The costs of this appeal will be adjudged against appellees.

Appellants' motion for a rehearing is granted in part and overruled in part.

[1] Reported in 316 S.W.2d 75.