TRAVELERS INSURANCE COMPANY, Petitioner
v.
JOHN C. DYCUS, Respondent

No. A-8534. Decided December 6, 1961
Rehearing Denied January 17, 1962
352 S.W. 2d 458

*Thompson, Knight, Wright & Simmons,* Dallas. *Timothy E. Kelley* and *David S. Kidder,* Dallas, with above firm, for petitioner.

*John H. Holloway,* Houston, for respondent.

MR. JUSTICE STEAKLEY delivered the opinion of the Court.

This is a Workmen's Compensation case with a judgment for the injured employee. Both the compensation carrier and the claimant appealed to the Court of Civil Appeals without a statement of facts pursuant to Rule 307, Texas Rules of Civil Procedure. The Court of Civil Appeals in an opinion ordered not published held that the filing of a statement of facts is necessary to a decision, overruled all points of error of both parties, and affirmed the judgment of the trial court.

Petitioner here is the compensation carrier urging two points of error: that the Court of Civil Appeals erred in holding that a statement of facts was necessary to a determination of its one point of error in the Court of Civil Appeals; and that "The trial court erred in computing the recovery to which respondent was entitled based upon the answers of the jury to special issues." We sustain both points.

Respondent submitted two crosspoints of error in the Court of Civil Appeals, but did not file application for writ of error. His points in the Court of Civil Appeals complained of the refusal of the trial court to declare a mistrial because of certain argument by petitioner, and of the charge of the court in certain respects not involved here.

Petitioner's point of error in the Court of Civil Appeals, and here, is, in effect, that the trial court erred in not computing the award to respondent pursuant to subdivision (1) of Section 1 of Article 8309, V.A.C.S. The case was submitted in terms of subdivision (1) of Section 1 of Article 8309 prior to the 1959 amendment (Acts 1959, 56th Leg., R. S., Ch. 355, p. 799) since the injury occurred prior to the effective date of the amendment; however, the computation problem is the same under Subdivision (1) of Section 1, Article 8309, prior to the amendment average annual wages consisted of 300 times the average daily wage and, under Subdivision (5) of Section 1, average weekly wages are "one-fifty-second part of the average annual wages". See Texas Employers' Insurance Assn. v. Clack (Comm. App.), 132 S.W. 2d 399.

As pertinent here, the jury found that respondent suffered partial incapacity for 28 weeks; that he had worked in the employment in which he was working at the time of the injury "substantially the whole of the year" immediately before the injury the court having charged the jury that "substantially the whole of the year means 300 days or substantially near to 300 days"; that the average daily wage earned by respondent "during the days when so employed for the whole of the year" was "$18.00 per day"; and that his average weekly wage earning capacity during his partial incapacity was $99.00 per week.

The trial court submitted issues under subdivisions (1), (2) and (3) of Section 1 of Article 8309, but the finding of the jury was under subdivision (1), i.e., that respondent "was working at the time of the injury * * *, whether for the same employer or not, substantially the whole of the year * * *, immediately before the date of said [his] injury." As previously noted, the trial court charged the jury that "The term 'substantially the whole of the year', as used in this charge, means 300 days or substantially near to 300 days." Respondent pointed out in his brief in the Court of Civil Appeals that he "had objected to the charge of the court * * * which submitted to the jury appellee's wage earnings under all subdivisions under Art. 8309"; however, he did not carry this specific objection into his Motion to Disregard the Jury Findings and for Judgment Non Obstante Veredicto, nor did he urge this as a point of error in the Court of Civil Appeals. The charge and submission to the jury in such respects, and the finding of the jury rendering subdivision (1) applicable in determining the average weekly wages of respondent, are therefore unchallenged by respondent in his appeal, and must stand.

The trial court, however, entered judgment as follows:

"Based on the jury verdict, the Court further finds that the plaintiff's earning capacity prior to his injuries was $18.00 per day, or $126.00 per week, and the jury further found that the plaintiff was temporarily partially incapacitated for 28 weeks beginning August 2, 1959 and that during said period of temporary incapacity the plaintiff had an earning capacity of $99.00 per week, being a weekly loss of earning capacity in the sum of $27.00 per week, 60% of said amount being $16.20 per week for a total of 28 weeks, being the sum of $453.60."

■ This was error since computation of the award pursuant to subdivision (1) of Section 1 of Article 8309 requires the jury finding of average daily wage of $18.00 to be multiplied by 300 and divided by 52, with the resulting figure of $103.84 constituting the average weekly wage of respondent before his injury. The average weekly wage earning capacity of respondent after the injury having been found by the jury to be $99.00, under Section 11 of Article 8306 the loss of earning capacity was $4.84 weekly, 60 per cent of which is $2.90. Respondent should have been awarded $2.90 per week for the 28 weeks found by the jury to have been the period of partial incapacity, with a resulting award of $81.20.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is reformed to award respondent the sum of $81.20 for the period of his temporary partial incapacity, and such judgment as reformed is affirmed.

Opinion delivered December 6, 1961.