**The UNIVERSITY OF TEXAS, Appellant,**

v.

**Charlie JOHNSON, Sr., Appellee.**

**No. 11077.**

Court of Civil Appeals of Texas.

Austin.

March 13, 1963.

Rehearing Denied April 3, 1963.

Waggoner Carr, Atty. Gen., Fred D. Ward, Asst. Atty. Gen., Austin, for appellant.

Jack Garey, Austin, for appellee.

PHILLIPS, Justice.

This is a workman's compensation case where the sole question on appeal is the method of computing the claimant's average weekly wage under Article 8309, subd. 1, Vernon's Ann.Civ.St. as amended.

There is no dispute over the facts and we will state them from appellant's brief. The suit was for total and permanent incapacity under the workman's compensation statutes. Charlie Johnson, Sr., an employee of the University of Texas, brought suit on August 3, 1962, alleging that he had incurred an accidental injury which had rendered him totally and permanently incapacitated. The sole defendant in the case was the University of Texas, a self-insurer.

A jury trial resulted in a verdict entitling the plaintiff to a judgment of total and permanent incapacity. The court rendered judgment based upon the compensation rate of $31.85, all past due and future compensation and for hospital expenses. This appeal is based only on the computation of plaintiff's average weekly wages, or more specifically his rate of compensation, and does not involve the merits of the case.

Appellant contends that since appellee's wages were known for the entire year immediately preceding his injury, that the correct method of computing his average weekly wage was to divide his known yearly wage by fifty two, pursuant to Subsection 5 of Section 1 of Article 8309, V.C.S.[1]

Appellee contended that the correct method was to take his average daily wage of $9.20, agreed to by both parties, multiply by three hundred and divide such figure by fifty-two, pursuant to Subsection 1 of Sec. 1, Art. 8309. The trial court applied the latter method.

This Court holds that the trial court was correct in applying Subsection 1 of Sec. 1, Art. 8309 as the method of computing appellee's compensation rate whether under the act as originally passed or as amended.

It was the obvious intention of the Legislature in enacting the compensation law to provide compensation to injured employees for loss of their earning capacity and that an employee's compensation should be measured by what he could earn in his employment prior to his injury.

Appellee worked for a daily wage based on an hourly rate. The undisputed testimony was that while generally his work week consisted of five days, he did work six days on occasion. With this class of wage-earner, the cases are uniform in applying the formula set out in Subsection 1 of Section 1, of Article 8309 where the injured employee has worked substantially the whole of the year immediately preceding the injury whether for the same employer or not. In this situation, his average annual wage shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed. The total arrived at by this method is then divided by fifty two which method is prescribed both in the article as originally enacted and as amended.

1. Article 8309, Sec. 1, V.C.S. was amended in 1959 requiring in Subsection 1, that the injured employee shall have worked for the same employer at least 210 days to be eligible for compensation under the provisions of this subsection. It was agreed between the parties that the claimant here satisfied this requirement.

Travelers Insurance Co. v. Dycus, Texas Supreme Court, 352 S.W.2d 458; Associated Indemnity Corp. v. McGrew, 138 Tex. 583, 160 S.W.2d 912; Federal Underwriters Exchange v. Guest, Tex.Civ.App., writ dismissed, 129 S.W.2d 708.

The cases cited by appellant fall into either of two categories. One, where the injured claimant was working for a fixed monthly salary. In these cases, the court took the annual salary and divided by fifty two. See Texas Employers Insurance Association v. Clack, 134 Tex. 151, 132 S.W.2d 399, Texas Employers' Insurance Association v. Hierholzer, Austin Civ.App., 207 S.W.2d 178. The other class of cases cited to us by appellant is where the injured claimant had worked greatly in excess of the statutory three hundred days and to limit the computation of his rate to three hundred days would be manifestly unjust. In

these cases the court applied Subsection 3 of Section 1 or Article 8309. See Texas Employers' Insurance Association v. Storey, Com.App., 17 S.W.2d 458; Southern Underwriters v. Stubblefield, Tex.Civ.App., 130 S.W.2d 385.

Appellant argues that in the cases where the court applied Subsection 1 of Section 1, Art. 8309 the annual wage was not stated. It was not stated as it was not necessary to the decision where the claimant is a worker paid on a daily basis. His total earnings for any one month, and consequently any one year, are not fixed. To use appellant's method of computation with this class of claimant would not show what he could earn in his employment prior to the injury and is not the method that the law envisions.

Affirmed.