Laura M. VERBLE, et al., Appellants,

v.

Thomas D. COFFMAN, et al.,
Appellees.

No. 13795.

Court of Appeals of Texas,
Austin.

Oct. 31, 1984.

E.R. Norwood, Taylor, Norwood & Little,
Liberty, for appellants.

John B. McFarland, Graves, Dougherty,
Hearon & Moody, Austin, for C.M. McAn-
nelly, Sr.

John M. Kyser, Susan Henricks, Lynch,
Chappell, Allday & Alsup, Austin, for
Thomas D. Coffman.

Before PHILLIPS, C.J., and EARL W.
SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Laura M. Verble and others appeal from
the trial court's summary judgment in fa-
vor of C.M. McAnelly, and others. We will
affirm the judgment in part, reverse it in
part, and remand the cause in part.

The facts in this case are undisputed.
M.W. McCurdy owns the surface and min-
eral estates in a 149-acre tract subject to a
non-participating royalty interest. This
royalty interest is owned in the northern
one-half of the tract by the McAnellys, and
in the southern one-half by the Verbles. In
1979 McCurdy granted an oil and gas lease
covering the entire tract to Thomas D.
Coffman and others. The lease contained a
pooling clause. Because their interests

were non-participating, neither the Verbles nor the McAnellys joined the lease. There is no express pooling agreement between the Verbles and the McAnellys, but both families ratified the lease. Coffman thereafter drilled a producing well on the Verbles' portion of the tract.

Coffman originally assigned an 80 acre proration unit for the well, which included portions of both the Verbles' and the McAnellys' tracts. Coffman later increased the size of the proration unit to include the entire 149 acres in compliance with Railroad Commission regulations. The McAnellys sought to recover from Coffman a portion of the proceeds from the producing well, although the well was physically located on the Verbles' part of the tract. When Coffman refused to apportion the proceeds, the McAnellys filed this action against Coffman. The Verbles intervened, claiming ownership of the interest sought by the McAnellys. Coffman interpleaded, depositing the proceeds into the registry of the court. All parties subsequently moved for summary judgment.

The trial court held that the Verbles' and the McAnellys' royalty interests had been pooled, communitized and apportioned, within the entire McCurdy tract, and that each of the royalty owners was entitled to one-fourth of all royalties paid under the McCurdy lease. The Verbles now complain that the trial court erred in so holding.

■ The Verbles contend the trial court erred in holding the royalty interests had been apportioned because of specific language in the lease, designed to rebut the community lease presumption. The clause upon which they base this argument provides, in part:

If this lease now or hereafter covers separate tracts, no pooling or unitization of royalty interest as between any such separate tracts is intended or shall be implied or result *merely from the inclusion of such separate tracts within this lease* ... the words "separate tract" mean any tract with royalty ownership differing, now or hereafter, either as to parties or amounts, from that as to any

other part of the lease premises. (emphasis added)

The McAnellys argue that it is not the mere inclusion of the separate tracts which results in apportioned royalties. They contend that the offer to ratify by McCurdy and the subsequent ratification by all parties constituted an offer to pool and an acceptance of that offer. We agree. Ratification of an oil and gas lease by non-participating royalty interest owners is only necessary to effect a pooling of production, and such ratification has been construed as an offer made by the lessor, and accepted by the royalty owners to apportion all proceeds from the lease. *Montgomery v. Rittersbacher,* 424 S.W.2d 210 (Tex.1968); *Ruiz v. Martin,* 559 S.W.2d 839 (Tex.Civ. App.1977, writ ref'd n.r.e.); *Standard Oil Co. of Texas v. Donald,* 321 S.W.2d 602 (Tex.Civ.App.1959, writ ref'd n.r.e.).

The Verbles contend by their second and third points of error that the trial court erred in rendering judgment that the McAnellys are entitled to one-fourth of all royalties payable under the McCurdy lease. The record indicates that the Verbles and the McAnellys own one-half of the royalty payable on their respective tracts. In view of this and our affirmance of the trial court's determination that the interests have been pooled, we hold the trial court correctly defined the pooled royalties. Appellants' first, second, and third points of error are overruled.

■ In three cross points of error the McAnellys complain of the trial court's refusal to award attorneys' fees against lessee Coffman, pursuant to Tex.Rev.Civ.Stat. Ann. art. 2226 (Supp.1984). Article 2226 allows the recovery of attorneys' fees in contract actions. The McAnellys contend, accordingly, that an action for damages for breach of an oil and gas lease is a "contract action" within the meaning of art. 2226. Coffman cites two contrary authorities, both construing earlier versions of art. 2226, which allowed recovery of attorneys' fees only for those actions listed in art. 2226. 1953 Tex.Gen.Laws, ch. 67, sec. 1, at

101. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (Tex.1958); *Harrell v. Bakhaus*, 315 S.W.2d 685 (Tex.Civ.App.1958, writ ref'd n.r.e.). Article 2226 was amended in 1977 to also permit recovery of attorneys' fees in "suits founded on oral or written contracts." 1977 Tex.Gen.Laws, ch. 76, sec. 1, at 153. We hold that a suit for damages for breach of an oil and gas lease is a suit on a contract within the purview of art. 2226. *See Amoco Production Co. v. Alexander*, 622 S.W.2d 563 (Tex.1981).

Coffman also argues, in reply, that he should not be liable for attorneys' fees because he interpleaded and deposited the disputed royalties in the registry of the court. He cites no authority for this assertion and we find none. The record reveals that the interpleader was filed only after the institution of suit to recover the royalties. We hold that a defensive interpleader, brought after the institution of a suit to recover the disputed funds, is not a defense to the award of attorneys' fees.

That portion of the judgment which denies the McAnellys recovery of attorneys' fees from Coffman is reversed, and that part of the cause is remanded to the trial court for determination in this regard. The remainder of the judgment is affirmed.