# DECEMBER, 1939

## Texas Employers Insurance Association v. P. K. Clack.

No. 7394. Decided November 1, 1939.
Rehearing overruled December 6, 1939.
(132 S. W., 2d Series, 399.)

*Smith, Teed, Wade & Worley,* of Pampa, *Underwood, Johnson, Dooley & Wilson,* of Amarillo, for plaintiff in error.

On manner of computing average weekly wages. Petroleum Casualty Co. v. Williams, 15 S. W. (2d) 553; Texas Indemnity Ins. Co. v. Head, 89 S. W. (2d) 283; Fidelity & Casualty Company v. McLaughlin, 106 S. W. (2d) 815.

*S. D. Stennis* and *John V. Osborne,* of Pampa, for defendants in error.

It was not error for the court to compute plaintiffs average weekly wage by taking one-fifty-second part of his annual salary. Littler v. George A. Fuller Co., 119 N. E. 534; Texas Emp. Ins. Assn. v. Storey, 17 S. W. (2d) 458; Howard v. Texas Emp. Ins. Assn., 292 S. W. 529.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a compensation case. In the district court defendant in error Clack was awarded compensation on a weekly wage basis of $28.15. The judgment of the trial court was affirmed by the Court of Civil Appeals. 112 S. W. (2d) 526. In the opinion of the Court of Civil Appeals will be found a full and complete statement of the essential facts and the various questions presented for review.

Writ of error was granted upon an assignment questioning the correctness of the method used by the trial court in arriving at the average weekly wages of the claimant Clack, who will be referred to as plaintiff.

Plaintiff had been employed by the Phillips Petroleum Company for a number of years, and had been working for that company alone for the year preceding his injuries. It is undisputed that during the year preceding his injuries plaintiff had been paid for his services a salary of $122.00 per month, which was paid in semi-monthly installments. During said year, under operation of the NRA Code, plaintiff was permitted to work only four days in one week and five days in the next week. As the result of such arrangement, he worked a total of only 234 days during the year, although he was regarded as in the employment of said company during the whole of the year. He had not received any daily wages. His monthly salary of $122.00 was in no manner affected by the fact that he worked four days in one week and five days the next week. On the basis of $122.00 per month he was actually paid $1464 for the twelve months preceding his injury. The trial court instructed the jury to fix the average weekly wages by dividing the total amount received during the year by fifty-two, and in this way the jury fixed the weekly wages at $28.15. This action of the court is the dominant question brought before this court for consideration.

Briefly, it is the contention of plaintiff in error that as plaintiff did not actually work 300 days, or substantially 300 days, during the preceding year, but only 234 days, his weekly wages could not be fixed under subsection 1, of section 1, Article 8309 of the Revised Statutes, and that as the proof failed to show either subsections 2 or 3 applicable, there was no basis by which the weekly wages could be ascertained.

The pertinent statute is as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the injury,

whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties.

"4. Said wages shall include the market value of board, lodging, laundry, fuel, and other advantage which can be estimated in money, which the employee receives from the employer as part of his remuneration. Any sums, however, which the employer has paid to the employee to cover any special expenses entailed on him by the act of his employment shall not be included.

"5. The average weekly wages of an employee shall be one-fifty-second part of the average wages."

It seems to us apparent that these subsections must ordinarily be considered as a whole in determining what is the average weekly wages of an employee. In the first place, subsection 1 sets forth the method of arriving at the average *annual* wages alone. After this is done, if that section be applicable, resort must then be had to subsection 5 to determine the average weekly wages. It is obvious, however, that subsection 1 is not applicable except in case where the employee is working for a daily wage. It is not even contended that plaintiff in this case was working for a daily wage; therefore subsection 1 passes out of consideration. Likewise subsection 2 has no application, for it applies only when the employee is working for a daily wage. Under that section the average annual wage is the thing to be ascertained, and, if that section be

applicable, resort must again be made to subsection 5 to determine the weekly wages.

It is further obvious that subsection 3 has application to those mentioned in subsections 1 and 2 whose annual wages cannot be computed under either of the first sections, or who for some reason have not received wages for as much as a year; in which case the board is authorized to fix the average weekly wages according to what is fair and just between the parties. As the thing left to be determined under that section is the average weekly wages, it appears to be certain that this section was intended to apply specifically when there was no annual salary or wages, or no practical method of ascertaining an annual salary. Therefore, under this section there is no occassion to resort to subsection 5.

It seems to us clear that the statute contemplates that in all cases where the annual earnings or salary can be ascertained with reasonable certainty, either by taking three hundred times the daily wages, or by taking the actual annual earnings or salary which the employee has received during the preceding year, when not employed upon a daily basis, but working for substantially the whole of the year upon a salary basis, said annual salary or earnings becomes the determining factor or basis of compensation; and the weekly wages shall be one-fifty-second part of said annual earnings or salary.

This necessarily leads us to hold that where an employee is in the employment of another for the full period of one year prior to an injury, and is paid an annual salary, or a monthly salary for the full twelve months, and if by reason of the nature of the work he is doing, or the rules, regulations or conditions under which he is required to work, he may not actually work as much as 300 days during such year, he shall nevertheless be regarded as having worked substantially the whole of such year, so as to make applicable the rule of dividing his annual salary or earnings by fifty-two in order to determine his applicable weekly wages.

■ One of the underlying purposes of our compensation statutes is to compensate an injured employee, not merely for loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed on a full-time basis. Maryland Casualty Co. v. Drummond, 114 S. W. (2d) 356, 360, (Writ. ref.) ; Traders & General Ins. Co. v. O'Quinn, 111 S. W. (2d) 859 (Writ ref.).

■ The conclusions stated above are to be deduced from that line of decisions wherein awards have been upheld based upon

the actual annual wages or salary divided by fifty-two, and in which it is made to appear that the weekly wage thus ascertained was the minimum which the employee was entitled to receive. Under the rule that compensation is to be for lost earning capacity, considered upon the basis of full-time employment, it follows as a matter of law that the minimum which the employee is entitled to receive as weekly compensation, when employed for the year, but working less than full time, is his actual annual salary or earnings divided by fifty-two.

This case is to be distinguished from the case of Traders & General Ins. Co. v. Bulis, 104 S. W. (2d) 488, by the fact that in that case, while the employee worked the full time during the preceding year which the nature of the work allowed, yet his wages were by the day and varied from time to time.

There are other assignments of error presented in application for writ of error, all of which have been considered, but we are of the opinion that the Court of Civil Appeals has correctly disposed of same.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 1, 1939.