## CONSOLIDATED CAS. INS. CO. v. RAY.

### No. 12670.

Court of Civil Appeals of Texas.

San Antonio.

April 7, 1954.

Rehearing Denied May 5, 1954.

Boone, Davis, Cox & Hale, Allen V. Davis, Corpus Christi, for appellant.

Lee Mahoney, Charles G. Lyman, Corpus Christi, for appellee.

NORVELL, Justice.

This is a workman's compensation case. Upon appeal from an award of the Industrial Accident Board, the District Court, upon jury findings, rendered judgment for total and permanent disability, that is, 401 weeks at the maximum rate of $25 per week.

This is a hernia case and, while other matters are raised and will be discussed in order, the principal question presented is whether under the facts of this case the award should have been based upon the specific hernia provisions of the statute, Article 8306, § 12b, Vernon's Ann.Civ. Stats., rather than for general disability.

The final award of the Industrial Accident Board was made on March 4, 1953, and on March 20th the appellant mailed checks to the attorney for appellee in payment of the award, together with a form of release to be executed by the appellee. The checks on their face contained a statement that they would not be honored after sixty days from date of issuance. The release was never signed and the checks never cashed, but, on the contrary, an appeal was taken from the award. It

is urged by appellant that appellee having retained the checks is estopped to claim a greater sum of money than that represented by the checks. Assuming liability, this sum was the minimum appellee was entitled to recover under the facts of the case, if it be conceded that $250 (which made up part of the award) was a reasonable charge for a hernia operation. The jury found that the checks were not retained for an unreasonable length of time. There was no showing that the keeping of the checks by appellee caused appellant to change its position for the worse, particularly in view of the fact that notice of appeal was given on March 23rd and suit filed in the District Court on April 10th. We overrule appellant's first point.

By its second point, the appellant questions the sufficiency of the notice of appeal, which was in the form of a telegram addressed to the Industrial Accident Board, reading as follows:

"Please accept this as notice that claimant does not intend to abide by and wishes to give notice of appeal in J. V. Ray vs. Sinclair Refining Co. (the employer), No. L 35170."

In our opinion, it is safe to say that the telegram would ordinarily be understood as referring to the final award of the Board made on March 4th. We hold this telegraphic notice was in substantial compliance with Article 8307, § 5. Appellant's second point is overruled.

By its third point appellant contends that the recovery of appellee should have been limited to compensation for one year, as appellee had refused to abide by an order of the Board providing for a hernia operation, unless it was accompanied by an additional award of weekly compensation in excess of that provided by the statute.

By counter-point it is asserted that the appellant did not in good faith offer to provide appellee with an operation.

The jury found that an offer of an operation was not made prior to March 4, 1953, the date of the Board's final award.

It appears that appellee was injured about ten o'clock at night on May 1, 1952. Thereafter, various negotiations between appellee and the representatives of the insurance carrier took place in which the matter of an operation to repair the hernia was discussed. By an interlocutory order dated December 10, 1952, the Industrial Accident Board ordered appellee to submit to an operation for repair of his hernia by a surgeon to be agreed upon by appellant and appellee on some date between December 20th and 30th, unless performed earlier by agreement. The order further provided that if either party failed to accept this award, the Board would upon notification hold a hearing of the claim upon its merits and make a final disposition thereof. The insurance carrier did not offer to provide appellee with an operation and had no discussions with him from December 10, 1952, to January 1, 1953. However, on December 30, 1952, one of appellee's attorneys wrote the Industrial Accident Board and protested the order of December 10th, which would have limited appellee's compensation to twenty-six weeks if the operation should be successful, and contended that he was entitled to compensation not only for a period of twenty-six weeks after surgery, but also from the date of his injury to date of operation, because appellee had never been tendered an operation by the insurance carrier. This protest or rejection of the award of December 10th was evidently received by the Board on January 2, 1953, as it is so stamped, and bears the further notation, "too late." Thereafter the Board proceeded to the making of its final award on March 4, 1953, from which the appeal was taken to the district court.

Article 8306, § 12b, relating to hernias, provides among other things, that, "In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation."

This statutory provision places the duty of providing an operation upon the insurance carrier, and other clauses of the article detail the steps to be taken and the consequences ensuing from a failure to

submit to a proffered operation. These matters have been fully discussed and set forth by the Supreme Court in Talley v. Texas Employers Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180, and National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W. 2d 1089, and need not be repeated here. For the purposes of this case, it is sufficient to point out that the jury found, upon sufficient evidence, that at no time prior to the award from which this appeal is taken, did the insurance carrier offer to provide an operation for appellee. As pointed out in the Lowery case, the effect of Article 8306, § 12b, is to put the insurance carrier to an election either to admit liability in hernia cases and offer an operation or run the risk of being held liable for general injuries, if the case goes to court. The letter written by appellant's attorney to the Industrial Accident Board and received by it after the time proposed for the corrective operation is essentially beside the point. It could in no way excuse the insurance carrier from offering an operation if it had decided to admit liability and proceed in accordance with the specific injury provisions of Article 8306, § 12b. Appellant's third point is overruled.

■ Appellant's fourth point is likewise overruled. It appears as a matter of law that appellant's compensation rate was the maximum allowed by statute, to wit, $25 per week. In the absence of a showing of injury, this Court has repeatedly refused to reverse because of a failure to comply in all particulars with the statutory formula for determining the wage rule. National Indemnity Underwriters of America v. Rocamontes, Tex.Civ.App., 110 S.W. 2d 228; Southern Underwriters v. Grimes, Tex.Civ.App., 146 S.W.2d 1058. The evidence shows that appellee had been working for the Sinclair Refining Company, at its Corpus Christi plant, for some eight years; that his weekly salary or wage was approximately $90 per week for a forty-hour week, and that he was paid extra for overtime. The jury found that his average weekly wage was $94, counting overtime. This issue need not have been submitted to the jury, as the undisputed evidence shows that appellee, if entitled to compensation for a general injury, was entitled to have such compensation computed on the maximum rate permitted by statute. Article 8306, § 10. As stated in Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143, 147, "Where the record shows without dispute that an employee has been working for a stipulated weekly wage or a stipulated daily wage for a period of more than one year next preceding the injury, there is no disputed issue for a jury to pass upon." The disposition made of this point is controlled by such authorities as: Texas Employers' Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, affirmed 134 Tex. 151, 132 S.W.2d 399, Texas Employers' Ins. Ass'n v. Hierholzer, Tex.Civ.App., 207 S.W.2d 178, and Texas Employers' Ins. Ass'n v. Derrick, Tex.Civ. App., 207 S.W.2d 199.

■ Appellant's fifth and sixth points fail to disclose prejudicial error. We decline to reverse the cause because appellee stated from the witness stand that he was a married man, having one child, or because in argument counsel referred to certain testimony which was at most only collaterally relevant. The matter testified to or alluded to may not have been strictly material to issues submitted to the jury, but their effect was not such as probably caused the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

What has been said disposes of all of appellant's assignments of error. No reversible error is disclosed. The judgment is affirmed.