**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**K. W. HALL, Appellee.**

No. 15753.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1956.

Rehearing Denied Nov. 23, 1956.

Leachman, Gardere, Akin & Porter and J. Carlisle DeHay, Dallas, for appellant.

Peery & Wilson and Kearby Peery, Wichita Falls, for appellee.

MASSEY, Chief Justice.

From a judgment for the claimant in a suit for workmen's compensation, the insurance company appealed.

Judgment affirmed.

During the course of the trial the claimant's case for total and permanent disability was made out by direct examination of Dr. L. D. Parnell. This doctor had not treated the claimant, but had examined him for the purpose of testifying upon the trial. Therefore the necessary history of claimant's physical condition at time of his injury and of the events and circumstances at and immediately subsequent to the injury were presented to the doctor in the form of a hypothetical question, whereby the doctor assumed as true the facts presented to him in the question. Of course, the doctor took into consideration the objective symptoms ascertained by him in his physical examination. The doctor testified that in his opinion the claimant was totally and permanently disabled.

On cross-examination counsel for the insurance company asked the doctor certain questions and received answers as follows:

"Q. In making and in rendering your opinion in this case, of course you have relied on the history that Mr. Hall gave you in coming to your opinion, haven't you? A. Some, yes, sir.

"Q. You didn't treat him and you don't know what he does or how he does it other than what he told you; isn't that right? A. Just his history.

"Q. And not knowing those other things, you are relying upon what he did tell you because you don't have any way of knowing, otherwise? A. That's right."

■ At this point counsel for the insurance company moved to strike the doctor's testimony because his opinion was based upon history given him by the claimant, involving subjective complaints, etc. The objection so presented and motion made to strike the testimony was overruled. It is well settled that the testimony, standing alone, would be subject to the complaint made, and as of the time the objection was made it was error to have overruled the same. See cases annotated in 16A Texas Digest, "Evidence", ■ "Facts forming basis of opinion", particularly subsections d and m.

It is noted, however, that when claimant's own counsel subsequently took the doctor on re-direct examination the following questions were asked and answers received:

"Q. Now, of course, I stated to you here certain memorandums from the hospital records and stated to you certain testimony, Dr. Parnell, concerning this man's condition which he had testified to, and I based my questions to you upon that. Now, disregarding any statements or history that he gave you in your office, and taking only what I stated to you here, plus the hospital records I have read, plus the objective

symptoms and the X-rays which you took, and limiting your opinion to that alone, would you be of the same opinion that you have previously testified to?

*   *   *   *   *   *

"A. Yes, sir. I didn't make up my opinion on his condition from what he told me; I took that history, of course, I wouldn't have known what he was doing at the time, if he hadn't told me what he was doing but—

"Q. I stated to you here, did I not, Doctor. A. That's right.

"Q. My question to you is, disregarding anything that he told you and taking into consideration only what I stated to you here from the testimony, and from the records, as a basis for your opinion, assuming that to be true which I have stated to you here and the report I read you here, and taking that, plus your X-rays, and disregarding anything that he told you in the office, would you still be of the same opinion that you have testified to? A. Oh, yes. Yes. All of this testimony, practically, is in physiology."

■ In view of the subsequent testimony from Dr. Parnell, the error in overruling the objection and motion of counsel for the insurance company became harmless. His prior testimony not having been stricken from the record it was not necessary that the testimony properly received initially (and not stricken) be offered again through going over the same hypothetical questions asked and answered at the time the testimony first went into the record. It was necessary only that the evidence already in the record be shown as competent rather than incompetent. This was done through the testimony of the doctor in the re-direct examination. It has been held that when an examining doctor's opinion testimony is shown to be incompetent because he took into consideration the hearsay subjective symptoms as well as his self-determined objective symptoms, such testimony is rein-

stated as competent when he further testifies that his opinion would be the same if he looked only to the objective symptoms and disregarded the subjective. Texas Employers' Ins. Ass'n v. Clack, Tex.Civ. App.Amarillo 1937, 112 S.W.2d 526, affirmed and disposition of point approved in 134 Tex. 151, 132 S.W.2d 399; Traders & General Ins. Co. v. Milliken, Tex.Civ.App. Amarillo 1937, 110 S.W.2d 108. We are of the opinion that such holdings are correct. We fail to see where any distinction should be made in circumstances posed by the instant case.

■ The insurance company presents a point of error upon the denial of its request to test Dr. Parnell in a voir dire examination before he gave his opinion in the first instance, since it believed that in answering the hypothetical question the doctor would be permitted to take into consideration the history given him by the claimant at time of the physical examination. We have examined the record and have reached the opinion that such point of error has not merit.

The insurance company presents a point of error because of the trial court's refusal of a specially requested issue reading as follows: "Do you find that plaintiff's incapacity if any, was not due solely to the perforation of a stomach ulcer disconnected with an injury, if any sustained by plaintiff on July 6, 1955?"

Examination of the charge discloses that the following two questions were submitted to the jury: "Do you find from a preponderance of the evidence that the Plaintiff's disability, if any, was not solely the result of Plaintiff's physical condition which existed prior to July 6, 1955?" and "Do you find from a preponderance of the evidence that the perforation of the ulcer with which the Plaintiff was suffering was not brought about in any way by the Plaintiff's employment with Robert E. McKee?" Examination of the pleadings of the insurance company discloses that in connection with its

specific denial of the claimant's allegations it was alleged: " * * * that plaintiff's incapacity, if any there was, was solely the result of a perforation of a stomach ulcer, which ulcer was in existence prior to plaintiff's employment with Robert E. McKee, General Contractor, and the perforation of such ulcer was not brought about in any way by plaintiff's employment, but, to the contrary, was solely the result of plaintiff's physical condition which existed and was in existence prior to July 6, 1955."

■ We are of the opinion that in compliance with Texas Rules of Civil Procedure, rule 279 the trial court fairly submitted the controlling issues raised. Having done so the court did not err in refusing the specially requested issue since it posed merely another phase or shade of such controlling issues. See section "No reversal where 'controlling issues' submitted" in Commentaries under Rule 279, Vernon's Annotated Texas Rules of Civil Procedure.

The insurance company presents a point of error because of the submission of Special Issue No. 18, reading as follows: "Do you find from a preponderance of the evidence that this is a special case in which manifest hardship and injustice will result to the Plaintiff if his compensation, if any, is not paid to him in a lump sum?" No explanatory instruction was given in connection with the issue. The jury found for the claimant in its answer to the issue. The objection to the issue embodied the complaint that the jury was not confined to consideration of matters pleaded and in evidence, thus permitting the jury to speculate on matters not in evidence and not pleaded and to use their own standard or guide or guess in answering the issue.

■ The insurance company points out that one court has held adversely to its contention in a case where a similar objection was presented to such an issue. See Traders & General Insurance Company v. Boysen, Tex.Civ.App.Beaumont, 1939, 123 S. W.2d 1016, writ dismissed judgment cor-

rect. It then argues that there should be no difference between the rule to be applied to the lump sum issue and that applicable to the good cause issue in workmen's compensation cases. We are concerned here only with the law as applied to the submission of the lump sum issue. Since we are in accord with the holding of the court in the case of Traders & General Insurance Company v. Boysen, supra, the point of error is overruled.

The judgment is affirmed.