**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellant,**

v.

**Ida Cleo METZ et vir, Appellees.**

**No. 3386.**

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

On Rehearing June 30, 1958.

Second Rehearing Denied July 25, 1958.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

Putman, Putman, Strong, Reid, Murray & Taylor, San Antonio, for appellees.

WALTER, Justice.

This is a workman's compensation case filed by Ida Cleo Metz against Texas Employers' Insurance Association. The plaintiff alleged she sustained an injury while working in the course of her employment for Joske Brothers Company on or about November 21, 1955. The plaintiff alleged she sustained total and permanent incapacity and in the alternative she sustained total temporary incapacity followed by partial permanent incapacity in excess of fifty per cent as a result of said accident. She testified that she was in the storeroom pulling cologne out of a case, and a case of cologne weighing approximately fifty

or fifty-five pounds fell a distance of about eight or nine feet and hit her on the head and back. She testified that she thereafter underwent surgery for this injury which she described as being on her backbone at the base of her skull and neck.

The jury found that the plaintiff sustained total incapacity for a period of 312 weeks and sustained seventy-five per cent partial permanent incapacity thereafter. The jury answered that the plaintiff had worked substantially the whole of a year immediately preceding her accidental injury and that her average weekly wage was $60.24. Based on the jury's verdict the court entered judgment for plaintiff against the defendant for the sum of $25 per week for a period of three hundred ninety-five weeks with acceleration of the weekly payments to $50.

■ The defendant has appealed from said judgment, asserting the court erred in (1) rendering judgment for the plaintiff on the answer to the wage rate issue because there was no evidence that plaintiff had worked substantially a year prior to her accident, and (2) there was insufficient evidence to support such a finding (3) disregarding the jury's answer to the wage rate issue and fixing the wage rate on its own findings (4) rendering judgment at the maximum compensation rate because there was no evidence to support same, and (5) there was insufficient evidence to support said maximum compensation rate (6) accelerating the weekly payments to $50 because there was no basis in the pleadings or evidence to support such a finding.

No contention is made by the appellant about the jury's findings on incapacity. The appellee testified she started working at Joskes in June 1948 and was paid a salary of $35 per week plus commissions on sales, and that her annual earnings from wages and commissions from November 21, 1954 to November 21, 1955 amounted to $3,012.04. She testified during the year she worked fifty weeks and was given a two weeks paid vacation and missed only one day from work and that was on account of her little girl being sick. The plaintiff was a salaried employee and had been for a number of years prior to her accident working for the same employer in the same class of work. No evidence was introduced by appellant to contradict appellee's evidence of her annual earnings and no contest in any manner was made by appellant on the wage rate issue. The amount of appellee's annual earnings from wages and commissions for the year preceding her injury was established to be $3,012.04.

The correct method of arriving at appellee's average weekly wage is to follow subdivision 5, Section 1, of Article 8309, which is as follows: "5. The average weekly wages of an employee shall be one-fifty-second part of the average annual wages." This results in an average weekly wage of $57.92, which would support a judgment for the maximum rate of $25 per week in this case.

On this point in the case of Texas Employers Insurance Association v. Clack, Tex.Civ.App., 112 S.W.2d 526, affirmed by Commission of Appeals 134 Tex. 151, 132 S.W.2d 399, Justice Folley said [112 S.W. 2d 529]:

"In connection with this assignment the defendant alleges error because the court submitted the question as to whether or not the plaintiff had worked the whole year immediately preceding his injury which issue was answered in the affirmative. The defendant says that the evidence does not support the issue or the finding thereon. We think the issue was immaterial in this case because we are not basing the plaintiff's recovery on the number of days he actually worked, but on the annual salary he received for his employment for the entire year. The issue was therefore unnecessary to plaintiff's recovery and any error therein was harmless. Magnolia Com-

press & Warehouse Co. v. Davidson, Tex.Civ.App., 38 S.W.2d 634."

The Clack case was one wherein the plaintiff worked only three and four days a week under the provisions of the NRA and was paid a salary and only worked two hundred thirty-four days during the year in question.

The Commission of Appeals in affirming the Clack case said [132 S.W.2d 401]:

"This necessarily leads us to hold that where an employee is in the employment of another for the full period of one year prior to an injury, and is paid an annual salary, or a monthly salary for the full twelve months, and if by reason of the nature of the work he is doing, or the rules, regulations or conditions under which he is required to work, he may not actually work as much as 300 days during such year, he shall nevertheless be regarded as having worked substantially the whole of such year, so as to make applicable the rule of dividing his annual salary or earnings by fifty-two in order to determine his applicable weekly wages. * * *

"* * * Under the rule that compensation is to be for lost earning capacity, considered upon the basis of full-time employment, it follows as a matter of law that the minimum which the employee is entitled to receive as weekly compensation, when employed for the year, but working less than full time, is his actual annual salary or earnings divided by fifty-two."

Judge Norvell cites with approval the Clack case in Consolidated Casualty Ins. Co. v. Ray, Tex.Civ.App., 267 S.W.2d 880.

Based on the authority of the above cited cases, appellant's points on the wage rate are overruled and we hold that the court correctly entered judgment for the appellee for the maximum compensation rate of $25.

Although we find sufficient pleadings to raise the issue on accelerated payments, we find no evidence or stipulation in this record which would justify the court in accelerating the payments under Section 15a of Art. 8306. The appellee in his brief says, "Although the express stipulation agreeing to acceleration was not brought up in the record it can be presumed to have been made in light of the fact that the court recited in its judgment that it considered the stipulations of counsel for both parties." This would indicate that the appellee was laboring under the impression that he had a stipulation with the appellant that in the event of a recovery the weekly payments would be accelerated under the statute. We would not be warranted in assuming that such a stipulation was made in the absence of some evidence of it in this record.

The judgment of the trial court is modified by eliminating that provision of same which accelerates the weekly payments; otherwise the judgment is affirmed.

On Motion for Rehearing

Appellees' motion to file a supplemental transcript is granted. This transcript contains a motion filed by appellant in which it asks the court to prohibit appellees from reading paragraph 9 of their petition to the jury. It alleged facts which, if true, would entitle her to accelerated weekly payments. The appellant's motion contains the following:

"* * * and in this connection defendant stipulates that the plaintiff is entitled to acceleration in the event she receives a verdict."

This stipulation is sufficient to justify the court's acceleration of the weekly payments. Appellees' motion for rehearing is granted and our opinion and judgment dated May 16, 1958, is set aside in so far as it eliminated that provision of the trial court's judgment accelerating the weekly payments. The judgment of the trial court is in all things affirmed.