**Walter J. MORRIS, Appellant,**

v.

**TRANSPORT INSURANCE COMPANY,**
**Appellee.**

**No. 7383.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 30, 1972.

Motion for Rehearing Overruled Dec. 14, 1972.

---

1. At the time of the trial, it is noted that the writer of the letter was deceased.

Morgan & Dudensing, Houston, for appellant.

Benckenstein & Norvell, Beaumont, for appellee.

STEPHENSON, Justice.

This is a workmen's compensation case. Judgment was rendered for plaintiff upon a jury finding that his average daily wage prior to the injury was $30.11. The jury also found total disability for seventeen weeks and four days, and partial disability for 300 weeks, during which time he had a weekly wage earning capacity of $172. Both parties appealed. They will be referred to here as they were in the trial court.

Plaintiff's first point of error is that the undisputed evidence showed his average daily wage before injury was $34.21 and the trial court should have disregarded the jury finding and rendered judgment upon that figure.

After a careful reading of the statement of facts, we agree with plaintiff that the amount of his daily wage before injury was not a disputed issue and his motion to disregard the jury finding under Rule 301 should have been granted. It is apparent that this was not a matter being contested by defendant in the trial court.

Proof by plaintiff as to this matter was made by calling his employer's records custodian who testified that plaintiff was paid for 261 days during the year immediately preceding his injury, having been paid a gross sum of $8,381.57. This witness did not break the number of days down as to those upon which plaintiff actually worked, holidays, vacation, etc. Plaintiff, testifying in his own behalf, said that he had worked 245 days for which he was paid

and received pay for an additional sixteen days as holiday and vacation time. He did not testify as to his gross earnings, either hourly, weekly, monthly, annually or otherwise.

█ There was no evidence to the contrary, and plaintiff contends that the computation then became simply a matter of dividing the amount earned ($8,381.57) by the number of days he actually worked (245) to find the average daily wage before the injury.* There being no evidence to support the jury finding of $30.11, the trial court should have disregarded such finding and entered judgment for plaintiff based upon an average daily wage oof $34.21, which was established as a matter of law. Rule 301. Wooley v. West, 391 S.W.2d 157 (Tex.Civ.App., Tyler, 1965, error ref. n. r. e.); Rinehart v. Tomerlin, 227 S.W.2d 876 (Tex.Civ.App., Fort Worth, 1950, error ref.) and Montoya v. American Employers Insurance Company, 426 S.W.2d 661 (Tex.Civ.App., El Paso, 1968, error ref. n. r. e.). The fact that plaintiff requested such issue does not alter the situation. Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7, 13 (1940); Colom v. Vititow, 435 S.W.2d 187 (Tex.Civ.App., Houston–14th, 1968, error ref. n. r. e.). Plaintiff's first point of error is sustained.

Plaintiff next contends the trial court erred in giving defendant a credit of $475 on the judgment. This credit was for the $35 per week paid to plaintiff for the seventeen weeks he was off from work following his injury. The trial court, by its judgment, found that plaintiff had been paid $475 in workmen's compensation benefits.

█ The undisputed evidence shows plaintiff was paid $35 per week for the

---

* No one contends that the gross amount earned ($8,381.57) should have been divided by the number of days for which plaintiff was paid (261), and we express no opinion on the question. Cf. Texas Employers' Ins. Ass'n v. Clack, 112 S.W. 2d 526 [Tex.Civ.App., Amarillo, 1938, affirmed 134 Tex. 151, 132 S.W.2d 399 (1939)]; Consolidated Cas. Ins. Co. v. Ray, 267 S.W.2d 880 (Tex.Civ.App., San Antonio, 1954, error ref. n. r. e.); and Texas Employers' Insurance Association v. Metz, 315 S.W.2d 187 (Tex. Civ.App., Eastland, 1958, error ref. n. r. e.).

seventeen weeks that he was off from work. Such payments were made by checks drawn on the employer and marked as being for compensation benefits. Plaintiff argues that such payments were voluntary payments made by his employer and that defendant is not entitled to credit. This point is overruled.

Plaintiff cites cases supporting the collateral source rule, which we recognize; but we have concluded they have no application here. See Traders & General Insurance Company v. Reed, 376 S.W.2d 591 (Tex.Civ.App., Corpus Christi, 1964, error ref. n. r. e.), and cases cited. There is evidence in the record before us supporting an implied finding by the trial court that the $475 paid by the employer was paid on behalf of defendant.

■■ The jury found in this case that plaintiff had good cause for delay in filing his claim for compensation based upon representations that his employer did not carry workmen's compensation insurance. The checks mentioned were admissible in evidence to support that contention. However, such jury findings are not in conflict with the implied finding by the court that such payments were made on behalf of defendant.

Doyle Hogue gave testimony supporting the finding by the court. He stated that he was the terminal manager for plaintiff's employer during the time these payments were made. He identified the compensation checks in question. He testified that the checks were either mailed or delivered in person by himself to plaintiff under an arrangement defendant had with this employer. The employer's policy was to issue such checks from its Dallas office to be delivered by the terminal manager to the injured employee. No special issue as to this matter was requested by plaintiff and the implied finding by the trial court, supported by the evidence, is binding upon this court.

■ Defendant has cross-points of error that there is no evidence and insufficient evidence to support the jury finding as to good cause, and such finding is contrary to the great weight and preponderance of the evidence. We consider the no evidence point by looking only to the favorable evidence, and we consider the entire record in passing upon the other two cross-points of error. These cross-points are overruled.

■ Plaintiff testified unequivocally that he discussed his injury with his employer's terminal manager and dock foreman and was told that his employer did not have insurance to pay claims for injuries. To his knowledge, there had never been any notice on his employer's bulletin board that they carried insurance. He found out for the first time in February, 1968 that his employer carried insurance. Plaintiff's testimony was supported by that of another employee who testified that a supervisor for the employer told him that such employer had no compensation insurance. He also testified that he had never seen any insurance notices posted on the employer's bulletin board. Even though witnesses called by defendant testified to the contrary, such testimony did no more than raise issues for the jury to determine, which it did as stated.

We proceed to render the judgment that the trial court should have rendered in this case. Plaintiff shall recover for seventeen weeks of total disability at $35 per week less $475 paid, and partial disability for 300 weeks calculated upon an average daily wage of $34.21 before injury and an average weekly wage earning capacity of $172 during incapacity, with interest accrued as provided by law.

Reformed and affirmed.