**EMPLOYERS REINSURANCE
CORPORATION, Appellant,**

v.

**James R. BEATY, Appellee.**

**No. 1877.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1979.

Rehearing Denied Jan. 24, 1979.

E. R. Rhodes, W. H. Faulk, Jr., Houston,
for appellant.

David L. Grissom, Jim Richards, Craw-
ford & Grissom, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

In this workers' compensation case the
issue is whether money received by an em-
ployee for holidays, vacations, and disability
is included within the scope of "average
daily wage" as defined in the Texas Work-
ers' Compensation Act.

Appellee, James Beaty, sued appellant,
Employers Reinsurance Corporation, for
compensation for work related back inju-
ries. After trial to the jury, the trial court,
upon appellee's motion, disregarded the an-
swer to Special Issue 13, which provided:

Find from a preponderance of the evi-
dence the average daily wage which
plaintiff earned during the days that he
actually worked in such year . . .
Answer: $51.40.

Instead, the trial court found as a matter of
law that appellee's average daily wage prior
to injury was $72.71. The trial court's find-
ing was based on the following answers to
interrogatories propounded to appellant:

9. State the total number of days actu-
ally worked by Plaintiff for Shell Oil
Company in the 12 months immediately
preceding December 29, 1975 . . . . .
[Response] Full days worked 212 . . .

10. State the total amount of money
paid Plaintiff by Shell Oil Company in
the 12 month period immediately preced-
ing December 29, 1975.
[Response] $15,416.61.

Appellant contends that the amount
"paid" represents 15 days disability, four
weeks paid vacation, and nine paid holidays
in addition to remuneration for 212 full
days appellee "actually worked." It is ap-
pellant's position that the amount "paid" to
appellee should be reduced to the amount
"earned" by appellee on the days he "actu-
ally worked" by deducting the pay for dis-
ability, holidays and vacations. However,
we find as a matter of law that remunera-
tion for holidays, vacations, and disability
constitute part of appellee's "wages" for
the purpose of determining average daily
wage. *See, Morris v. Transport Insurance
Company,* 487 S.W.2d 780 (Tex.Civ.App.—
Beaumont 1972, writ ref'd n. r. e.). The
relevant statute provides:

"Average weekly wages" shall mean . . .
If the injured employee shall have
worked in the employment in which he
was working at the time of the injury,
whether for the same employer or not,

for at least two hundred ten (210) days of the year immediately preceding the injury, his average weekly wage shall consist of three hundred (300) times the average daily wage or salary *which he shall have earned during the days that he actually worked in such year,* divided by fifty-two (52) . . .

Said wages shall include the market value of board, lodging, laundry, fuel and *other advantage* which can be estimated in money *which the employee receives from the employer as a part of his remuneration.*

Tex.Rev.Civ.Stat.Ann. art. 8309, § 1(1) and (4) (1967) (emphasis added).

Hence, the trial court correctly determined that the jury answer did not comply with the requirements of the statute and that the proper response was to be obtained by dividing the number of days actually worked, admitted by appellant to be 212 days, into the amount of wages earned, admitted by appellant to be $15,416.61, resulting in an average daily wage of $72.71. The judgment appealed from is affirmed.

Affirmed.