cv4-605 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00605-CV







Larry Shive, Appellant



v.



Max Brenner and JoAnn Brenner, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 92-12023, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Appellees Max and JoAnn Brenner brought suit against appellant Larry Shive, a
real estate agent, for damages they sustained as the result of Shive's alleged misrepresentations
about the lakefront property they eventually purchased. After the jury returned a verdict for the
Brenners, both parties moved for a judgment notwithstanding the verdict. The trial court granted
the Brenners' motion and rendered judgment in their behalf. We will affirm in part and reverse
in part the trial court's judgment, rendering judgment as set forth within this opinion.



BACKGROUND


 In August 1991, the Brenners purchased approximately twenty-three acres of land
fronting Lake Travis as well as the improvements located on the property. Before the purchase,
Shive, acting as real estate agent for the seller of the land, showed the property to the Brenners. 
According to the Brenners, Shive misrepresented to them that a portion of the land they eventually
bought was not within the Lake Travis flood plain when in fact the land was within the flood
plain, and failed to disclose the land's potential for flooding. In late 1991 and early 1992, several
months after the Brenners purchased the property, Lake Travis rose to its highest historical level. 
The lake water inundated three cabins located on the lower portion of the Brenners' property. The
Brenners' repair estimate for these three cabins totaled $65,860.44.

 The Brenners sued Shive, alleging various causes of action including negligence,
fraud, and deceptive trade practices arising from Shive's alleged misrepresentations. The jury
made liability findings against Shive as to negligence, fraud, and deceptive trade practices and
awarded the Brenners damages in the amount of $17,000 for "expenses." The court's charge
defined "expenses" as "the pecuniary loss, if any otherwise suffered as a consequence of the
Brenners' reliance on the representations(s) made by Larry Shive . . . . This may include
reasonable and necessary cost to repair any damages to the structures and septic systems." 
(Emphasis added). The jury also awarded the Brenners $21,000 in exemplary damages, five
percent of the Brenners' recovery as attorneys' fees, $1000 for loss of the use of the subject
property, $1000 for replacement costs, $1000 for Max Brenner's mental anguish, and $2000 for
JoAnn Brenner's mental anguish.

 Shive and the Brenners filed post-verdict motions for judgment notwithstanding the
jury verdict. Shive's motion requested the court to disregard the jury's award of exemplary
damages and damages for mental anguish. The Brenners' motion requested the court to disregard
the jury findings for attorneys' fees and expenses and to render judgment supplementing those
findings with the lowest amounts conclusively established by evidence; the Brenners contended
that the minimum damage amount for expenses, as supported by the evidence, was $65,860.44
and that evidence at trial conclusively proved that attorneys' fees were one-third of the Brenners'
total recovery. The trial court granted the Brenners' motion and rendered judgment on the jury
findings, reforming those findings to award the Brenners $65,860.44 for "expenses" and one-third
of the Brenners' recovery as attorneys' fees as well as attorneys' fees for appeal. Shive appeals
the trial-court judgment by four points of error, and the Brenners assert three conditional cross-points of error.



DISCUSSION


I.  Expense Damages and Attorneys' Fees

 In his first two points of error, Shive argues that the trial court erred in
disregarding the jury's damage findings as to "expenses" and reasonable attorneys' fees and in
rendering judgment "reforming" the jury verdict to increase the award of damages and attorneys'
fees because the jury verdict is supported by the evidence under the court's charge and because
the increased award of attorneys' fees was not conclusively established.

 A trial court cannot disregard a jury's verdict unless it is without support in the
evidence or is contrary to the conclusive evidence. Le Master v. Fort Worth Transit Co., 160
S.W.2d 224, 226 (Tex. 1942). In order to affirm a trial court's judgment notwithstanding the
verdict, an appellate court must determine that no evidence supports the jury's findings. 
Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). This rule applies to damage
findings. Johnson Roofing, Inc. v. Staas Plumbing Co., 823 S.W.2d 783, 790 (Tex. App.--Waco
1992, no writ). Consequently, we consider the evidence and inferences as they tend to support
the jury's verdict and not with a view toward supporting the judgment. Mancorp, 802 S.W.2d
at 228. If more than a scintilla of evidence supports the jury finding, we will uphold it and
reverse the trial court's judgment notwithstanding the verdict. See Garcia v. Insurance Co., 751
S.W.2d 857, 858 (Tex. 1988). Evidence corresponding to the precise amount found by the jury
is not essential. Carrow v. Bayliner Marine Corp., 781 S.W.2d 691, 695 (Tex. App.--Austin
1989, no writ). Since the Brenners had the burden of proving damages, we will uphold the
amount of damages awarded by the trial court only if the evidence established the court's award
as a matter of law. See Johnson Roofing, 823 S.W.2d at 790.

 The Brenners initially argue that Shive did not preserve his first two points of error
because he failed to move for judgment on the verdict, citing Emerson v. Tunnell, 793 S.W.2d
947, 947-48 (Tex. 1990) (holding motion for judgment on verdict preserves error when court
renders judgment for movant but for less than verdict), and Texas Commerce Bank Reagan v.
Lebco Constructors, Inc., 865 S.W.2d 68, 80 (Tex. App.--Corpus Christi 1993, writ denied)
(concluding that a party desiring to initiate appellate process may move for judgment on erroneous
verdict without being bound by verdict's terms if party moves for entry of judgment only as to
form and notes its disagreement with content and result of verdict). The Brenners assert that for
a party to complain that a judgment was not rendered consistent with a jury verdict, the party must
"move or request a judgment on the verdict at the trial court level." We conclude that the
Brenners' cited cases are inapplicable to the facts of the instant cause.

 To preserve a complaint for appeal, a party must present the trial court with a
timely request, objection, or motion, stating grounds for the ruling it would like the trial court to
make. Tex. R. App. P. 52(a). Points of error addressing the conclusiveness of the evidence may
be preserved through one of the following procedural steps in the trial court: (1) a motion for
instructed verdict; (2) a motion or judgment notwithstanding the verdict; (3) an objection to the
submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue;
or (5) a motion for new trial. Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 822
(Tex. 1985); William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient
Evidence," 69 Tex. L. Rev. 515, 530 (1991). Shive's motion for judgment notwithstanding the
verdict complained about the jury findings regarding exemplary damages and mental anguish
damages; it did not address the jury findings on expense damages and attorney's fees. Moreover,
it did not and could not adequately apprise the trial court of Shive's dissatisfaction with the trial
court's judgment thereafter rendered. See W.H. McCrory & Co. v. Contractors Equip. & Supply
Co., 691 S.W.2d 717, 721 (Tex. App.--Austin 1985, writ ref'd n.r.e.). Nevertheless, Shive's
motion for new trial did apprise the trial court of his dissatisfaction with the trial court's judgment
notwithstanding the verdict, complaining that the judgment was incorrect because the evidence did
not and could not conclusively establish the amount of expenses and attorneys' fees due to the
Brenners. We conclude that Shive's motion for new trial sufficiently preserved his first and
second points of error for appellate review. See Aero Energy, 699 S.W.2d at 822. We therefore
address Shive's argument under these points.

 Shive asserts that the Brenners' cabin repair estimates in evidence were not
sufficient to establish conclusively that their estimated amount for expenses (i.e., cost to repair
the cabins), $65,860.44, was "reasonable and necessary" as the jury was instructed to find under
the court's charge. Considering the evidence and inferences as they tend to support the jury's
verdict, we note the record reveals that the Brenners' repair estimates, presented through the
testimony of Bob Jones, an expert in construction and structural repair, included the cost of
tearing down one cabin and rebuilding it in another location, along with a walkway from the cabin
down to the lake, as well as the cost of repairing the other two cabins. The record further showed
that Jones had never seen the cabins before the 1991 flood, had no knowledge of the cabins'
conditions at that time, and merely surmised that the cabins had been in livable condition. 
Moreover, Shive testified under cross-examination that his conversations with the Brenners led
him to infer that the Brenners were more interested in building a home on the elevated portion of
the property; that "[t]he cabins would be more of a nuisance to them[;]" that the cabins were of
no value to them; and that they would probably move the cabins. The agent for the title company
that closed the property purchase corroborated Shive's testimony, stating that the Brenners
informed her that they had no interest in securing insurance on the cabins because they were going
to tear them down and there was no need to "insure just ground." Shive did not offer evidence
estimating the cost of repair.

 We afford the jury considerable discretion in evaluating opinion testimony on the
issue of damages. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). The judgments
and inferences of expert witnesses, even when uncontroverted, are not conclusive on the jury
unless the subject is one for experts alone. Id. The subject of house repairs is not one for expert
witnesses alone. Id. Thus, the jury can properly be assumed to be able to form a correct opinion
regarding repair costs based upon the evidence, aided by its own experience and knowledge of the
subject. See id. Because the supreme court has declined to treat expert testimony on the cost of
home repairs as conclusive, the Brenners' repair estimate, as opinion evidence, did not establish
the expense damages as a matter of law.

 Further, viewing the record evidence and inferences in favor of the jury's verdict,
we conclude that more than a scintilla of evidence supports the jury's verdict. Testimony raising
inferences about the cabins' livability before the flood and questioning the Brenners' intent to keep
the cabins bears on the necessity of some of the itemized repair expenses and thus tends to
discredit Jones' repair estimate testimony. Moreover, the court's charge did not bind the jury to
include reasonable and necessary costs of repair in its damage award for expenses but only
instructed that the jury might include those costs. The jury was also charged not to include any
amount in its damage awards that it felt the Brenners could have avoided by the exercise of
reasonable care. The court's charge clearly gave room for the jury to make its findings, and it
was within the jury's discretion to give credibility to the testimony of different witnesses at trial
and to form opinions of its own guided by its own experience and knowledge to determine the
reasonableness and necessity of expense costs. See id. We sustain Shive's first point of error. (1)

 Shive complains in his second point of error that the court erred in "reforming" the
jury's attorneys' fee award of five percent of the Brenners' recovery. The Brenners presented
evidence that a one-third contingency fee was reasonable, and the trial court, disregarding the
jury's finding, reformed the fee award to one-third of the Brenners' recovery. Shive presented
no controverting or contrary evidence disputing the Brenners' expert testimony. We conclude that
the record contains no evidence supporting the jury's verdict on attorneys' fees. The Brenners'
attorneys' fees opinion testimony was clear, direct, positive, and not discredited, and conclusive
effect may thus be given to it. McGalliard, 722 S.W.2d at 697; Gunter v. Bailey, 808 S.W.2d
163, 165 (Tex. App.--El Paso 1991, no writ). We overrule Shive's second point of error.

 The Brenners' first conditional cross-point of error complains that the amount of
damages and attorneys' fees awarded by the jury is not supported by any evidence and is against
the great weight and preponderance of the evidence. In light of our holding regarding the jury's
attorneys' fees finding, we need not reach the attorneys' fees portion of the Brenners' cross-point. 
Moreover, we have already held that some evidence supports the jury's finding on expense
damages. We thus address the Brenners' factual sufficiency complaint.

 In reviewing a challenge that a jury verdict is against the great weight and
preponderance of the evidence, we must examine the entire record to determine if the finding is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see W. Wendell Hall, Revisiting
Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1041, 1138-39 (1993). If we conclude
that the jury verdict is against the great weight and preponderance of the evidence, we may
reverse and remand the cause for a new trial. See Ames v. Ames, 776 S.W.2d 154, 158 (Tex.
1989), cert. denied, 494 U.S. 1080 (1990). The Brenners challenge the jury findings to the
following question:



 What sum of money, if paid now in cash, would fairly and reasonably
compensate the Brenners for their damages, if any, that were caused by [Shive's]
conduct?

 

 Consider the elements of damages listed below and none other. Consider
each element separately. Do not include in your answer any amount that you find
the Brenners could have avoided by the exercise of reasonable care.


 Element a. Loss of benefit of the bargain.


 "Loss of benefit of the bargain" means the difference, if any in the value of
the real property as it was received and the value it would have had if it had
been as represented. The difference in value shall be determined at the time
and place of the sale.


 . . . . 


 Element c. Expenses.


 "Expenses" means the pecuniary loss, if any otherwise suffered as a
consequence of the Brenners' reliance on the representation(s) made by Larry
Shive which you may have found. This may include reasonable and
necessary cost to repair any damages to the structures and septic systems.



The jury found that the Brenners had no ($0.00) damages for their loss of the benefit of the
bargain and that their damages for expenses were $17,000. 

 The record reveals that the Brenners testified that they did not know that three
cabins on their property were built within the Lake Travis floodplain; they believed the septic
systems on their property were certified by the Lower Colorado River Authority when the tanks,
in fact, were not; they had not planned on building a house on the property; they thought the
cabins were livable and suitable for renting before the flood and that one cabin contained nice
furnishings and looked new when they purchased the property; and had they known that one-third
of the property was located in the flood plain, they would have been willing to pay less than half
of the amount they paid for the property. The record reveals that Shive testified that he informed
the Brenners that the cabins were built within the floodplain; he thought the Brenners planned on
building a house on the higher elevation of the property; and he thought that the Brenners had no
interest in the cabins. The record further indicates that the property is subject to numerous
building restrictions; one cabin was constructed without a permit, and, consequently, needed to
be relocated; the appraised value of the property for 1994 was $45,552.00; the Brenners paid
$210,000.00 for the property; the flooding potential of a piece of property would affect the
property's value to a potential purchaser; Jones testified that the cabin repairs would cost
$65,860.44; and the closing title agent testified that the Brenners had no interest in insuring the
cabins but meant to tear them down.

 Viewing the record evidence as a whole, we conclude that the jury finding of no
damages for the loss of the benefit of the bargain and $17,000 in expense damages is not against
the great weight and preponderance of the evidence. The jury, as fact finder, is given the sole
province to observe the demeanor of witnesses, judge their credibility, weigh their testimony, and
resolve conflicts in testimony. American Motorists Ins. Co. v. Volentine, 867 S.W.2d 170, 174
(Tex. App.--Beaumont 1993, no writ). We cannot reject a jury finding, even though, after
reviewing the evidence, we might have reached a different conclusion than the jury. Roy v.
Howard-Glendale Funeral Home, 820 S.W.2d 844, 849 (Tex. App.--Houston [1st Dist.] 1991,
writ denied). The court's charge on the elements of the identified damages gave the jury wide
latitude in its findings, instructing that the benefit of the bargain should be determined at the time
and place of the sale and that the expense award might include a consideration of reasonable and
necessary repair costs. The Brenners have not demonstrated on appeal that the jury's damage
findings regarding the loss of the benefit of the bargain and expenses are so clearly against the
great weight and preponderance of the evidence as to be manifestly unjust.

 


II.  Exemplary Damages

 In his third point of error, Shive argues that the trial court erred in awarding
exemplary damages because there was no jury finding of Shive's actual awareness of the falsity
of any misrepresentations or willful intent necessary to support an exemplary damage award. 
Shive argues that the Brenners did not request, and the trial court did not submit, a question
setting forth the statutory ground for recovery of exemplary damages for statutory fraud in a real
estate transaction, which requires a finding of "actual awareness." (2) It is undisputed that the trial
court did not give the jury an instruction on actual awareness in connection with the instruction
on the award of exemplary damages. Shive argues that the Brenners' failure to tender a properly
worded jury issue setting out the statutory basis for recovery waived that ground of recovery. See
Cosgrove v. Grimes, 774 S.W.2d 662, 666 (Tex. 1989). Nevertheless, Shive did not object to
the omitted instruction on actual awareness when stating his objections to the jury charge on fraud,
even though the charge also included an instruction to the jury on exemplary damages if the jury
found that Shive committed fraud against the Brenners. Shive merely objected that there was no
evidence or insufficient evidence that he committed fraud.

 Texas Rule of Civil Procedure 272 requires that objections to the jury charge be
in writing or dictated to the court reporter in the presence of the court and opposing counsel
before the charge is read to the jury. Tex. R. Civ. P. 272; Jim Howe Homes, Inc. v. Rogers, 818
S.W.2d 901, 902-03 (Tex. App.--Austin 1991, no writ). Any complaint to a question or
instruction on account of any defect or omission is waived unless specifically included in a party's
objections to the charge. Tex. R. Civ. P. 274; Borden, Inc. v. Rios, 850 S.W.2d 821, 826 (Tex.
App.--Corpus Christi), writ granted w.r.m., 859 S.W.2d 70 (Tex. 1993); First City Bank--Farmers
Branch v. Guex, 659 S.W.2d 734, 738 (Tex. App.--Dallas 1983), aff'd, 677 S.W.2d 25 (Tex.
1984); see also Tex. R. Civ. P. 272. When no party objects to the omission of an element for
a ground of recovery in the jury charge, an appellate court will deem a finding in support of the
judgment if some evidence supports the finding. Ramos v. Frito-Lay, Inc., 784 S.W.2d 667, 668
(Tex. 1990); see Tex. R. Civ. P. 279. Objection by Shive to the omission of the actual awareness
element of the Brenners' fraud cause of action for exemplary damages was necessary to prevent
a deemed finding of actual awareness. If the omitted element of actual awareness is supported by
some evidence, we must deem it found against Shive under Texas Rule of Civil Procedure 279. 
See Ramos, 784 S.W.2d at 668; Tex. R. Civ. P. 279.

 The following question was submitted to the jury:



Did Larry Shive engage in [any false, misleading, or deceptive act or practice or
any unconscionable action] knowingly?


"Knowingly" means an actual awareness of the falsity, deception, or unfairness of
the conduct in question. Actual awareness may be inferred where objective
manifestations indicate that a person acted with actual awareness.



(Emphasis added). The jury answered yes. We conclude that this jury finding supports a deemed
finding of the actual awareness element of the Brenners' cause of action for fraud to authorize
recovery of exemplary damages. Accordingly, we deem a finding that Shive's fraud, i.e., his
false representation, was made with actual awareness of the falsity of the representation. The jury
award of exemplary damages and the trial court's judgment rendered in accordance with that
finding are not erroneous. See Tex. Bus. & Com. Code Ann. § 27.01(c). We overrule Shive's
third point of error.



III.  Settlement Credit

 In his fourth point of error, Shive asserts that the trial court erred in failing to
credit the judgment for the settlement that the Brenners received from the property seller because,
absent such credit, the Brenners receive a double recovery for their damages in contravention of
the "one satisfaction" rule set forth in Stewart Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 5-10
(Tex. 1991). The parties stipulated that the Brenners had a $15,000 settlement agreement with
the seller of the property, who was never a party to the instant cause. The record also indicates
that in the event the Brenners recovered in excess of $25,000 from Shive, the $15,000 settlement
they received from the seller would be returned. (3) 

 The one-satisfaction rule prevents a plaintiff from obtaining more than one recovery
for the same injury. Id. at 7. The record indicates that the Brenners will not receive double
recovery in light of the structure of their settlement agreement with the seller of the property. In
any event, the right of offset is an affirmative defense, with the burden of pleading offset and
proving facts necessary to support it on the party making the assertion. Brown v. American
Transfer & Storage Co., 601 S.W.2d 931, 936 (Tex.), cert. denied, 449 U.S. 1015 (1980); see
Tex. R. Civ. P. 94. Shive did not plead for the right to obtain an offset for any other recovery
by the Brenners and is not entitled to any offset pursuant to the one satisfaction doctrine. We
overrule Shive's fourth point of error.



IV.  The Brenners' Cross-Points Requesting Reversal and Remand

 Citing Sterling, 822 S.W.2d at 12, and Texas Rule of Appellate Procedure 81(b)(1),
the Brenners' second and third conditional cross-points assert that, if we sustain one of Shive's
points of error, we should reverse the trial court's judgment in part and remand for a new trial
solely on the damages question. (4) We initially distinguish Sterling, noting that it did not involve
a remand for a new trial on the issue of damages but merely for the recalculation of damages. See
822 S.W.2d at 12.

 We have already concluded that the trial court erred in reforming the jury's
damages award for expenses because the record indicates more than a scintilla of evidence
supports the jury's finding. As such, the trial court should have rendered judgment in accordance
with the jury's verdict. See Le Master, 160 S.W.2d at 226. Under these circumstances, we do
not find it necessary to remand to the court below for further proceedings pursuant to Rule
81(b)(1), (5) but instead render the judgment the court below should have rendered. Tex. R. App.
P. 81(c). We overrule the Brenners' second conditional cross-point.

 In their third conditional cross-point, the Brenners argue that the damages issue
should be remanded because the trial court's erroneous submission of a mitigation of damages
instruction caused the jury's damages finding to be against the great weight and preponderance
of the evidence. We have already held that the jury's damages finding was not against the great
weight and preponderance of the evidence. Accordingly, we overrule the Brenners' third
conditional cross-point.



CONCLUSION


 Having sustained Shive's first point of error, we reverse that part of the trial court's
judgment reforming the jury's damages finding on expenses, and we render judgment in
accordance with the verdict that the Brenners recover $17,000. Having overruled the remainder
of Shive's points of error and all of the Brenners' conditional cross-points of error, we affirm the
remainder of the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Reversed and Rendered in Part

Filed: September 13, 1995

Do Not Publish

1.   In sustaining Shive's first point of error, we note that cases cited by the Brenners in
support of an affirmance of the trial court's "expenses" reformation are distinguishable. 
In Morris v. Transport Insurance Co., 487 S.W.2d 780, 782 (Tex. Civ. App.--Beaumont 1972,
writ ref'd n.r.e.), the plaintiff requested the trial court to disregard a jury finding that his
average daily wage before his injury was $30.11 because the undisputed evidence showed the
wage was $34.21. Id. The appellate court concluded that the trial court should have
disregarded the jury finding because the defendant did not contest the matter in the trial court. 
Id. By contrast, Shive questioned the Brenners' repair estimate at trial and in closing
argument. 

 At oral argument, the Brenners also cited two condemnation cases in support of their
position: Callejo v. Brazos Electric Power Cooperative, Inc., 755 S.W.2d 73 (Tex. 1988) and
State v. Huffstutler, 871 S.W.2d 955 (Tex. App.--Austin 1994, no writ). In Callejo, the court
noted that jurors in condemnation cases are not entitled to rely on their own knowledge and
experience as a substitute for evidence on pre- and post-taking values of land. 755 S.W.2d at
75. The trial court's judgment notwithstanding the verdict was thus proper since the jury had
leapt entirely outside of the evidence in answering questions. Id. at 75-76. Similarly, in
Huffstutler, we acknowledged that although a jury is generally not bound as a matter of law to
accept expert testimony, it must, in condemnation cases, set the fair market value of a
condemned property at an amount between the lowest and highest values put in evidence by
experts. 871 S.W.2d at 959. The jury in the instant cause, unlike juries in condemnation
cases, may consider its own expertise and knowledge in determining costs of house repairs. 
See McGalliard, 722 S.W.2d at 697. The jury finding for "expenses" in the instant cause did
not leap outside the evidentiary boundary capped at $65,860.44.
2.   Section 27.01 of the Business and Commerce Code provides in part:


A person who makes a false representation or false promise with actual
awareness of the falsity thereof commits [fraud in a transaction involving real
estate] and is liable to the person defrauded for exemplary damages. Actual
awareness may be inferred where objective manifestations indicate that a person
acted with actual awareness. 


Tex. Bus. & Com. Code Ann. § 27.01(c) (West 1987) (emphasis added).
3.   The record is unclear as to whether the parties' stipulation included the $15,000
payback agreement.
4.   The Brenners' cross-points also request reversal and remand on the question of
attorneys' fees. Because we overruled Shive's point of error regarding attorneys' fees, we
need not address the Brenners' cross-points on this issue.
5.   Texas Rule of Appellate Procedure 81(b)(1) provides in pertinent part: 


[I]f it appears to the court that the [trial court] error affects a part only of
the matter in controversy and that such part is clearly separable without
unfairness to the parties, the judgment shall only be reversed and a new trial
ordered as to that part affected by such error, provided that a separate trial
on unliquidated damages alone shall not be ordered if liability issues are
contested. 


Tex. R. App. P. 81(b)(1). 


ive's points of error and all of the Brenners' conditional cross-points of error, we affirm the
remainder of the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Reversed and Rendered in Part

Filed: September 13, 1995

Do Not Publish

1.   In sustaining Shive's first point of error, we note that cases cited by the Brenners in
support of an affirmance of the trial court's "expenses" reformation are distinguishable. 
In Morris v. Transport Insurance Co., 487 S.W.2d 780, 782 (Tex. Civ. App.--Beaumont 1972,
writ ref'd n.r.e.), the plaintiff requested the trial court to disregard a jury finding that his
average daily wage before his injury was $30.11 because the undisputed evidence showed the
wage was $34.21. Id. The appellate court concluded that the trial court should have
disregarded the jury finding because the defendant did not contest the matter in the trial court. 
Id. By contrast, Shive questioned the Brenners' repair estimate at trial and in closing
argument. 

 At oral argument, the Brenners also cited two condemnation cases in support of their
position: Callejo v. Brazos Electric Power Cooperative, Inc., 755 S.W.2d 73 (Tex. 1988) and
State v. Huffstutler, 871 S.W.2d 955 (Tex. App.--Austin 1994, no writ). In Callejo, the court
noted that jurors in condemnation cases are not entitled to rely on their own knowledge and
experience as a substitute for evidence on pre- and post-taking values of land. 755 S.W.2d at
75. The trial court's judgment notwithstanding the verdict was thus proper since the jury had
leapt entirely outside of the evidence in answering questions. Id. at 75-76. Similarly, in
Huffstutler, we acknowledged that although a jury is generally not bound as a matter of law to
accept expert testimony, it must, in condemnation cases, set the fair market value of a
condemned property at an amount between the lowest and highest values put in evidence by
experts. 871 S.W.2d at 959. The jury in the instant cause, unlike juries in condemnation
cases, may consider its own expertise and knowledge in determining costs of house repairs. 
See McGalliard, 722 S.W.2d at 697. The jury finding for "expenses" in the instant cause did
not leap outside the evidentiary boundary capped at $65,860.44.
2.   Section 27.01 of the Business and Commerce Code provides in part:


A person who makes a false representation or false promise with actual
awareness of the falsity thereof commits [fraud in a transaction involving real
estate] and is liable to the person defrauded for exemplary damages. Actual
awareness may be inferred where objective manifestations indicate that a person
acted with actual awareness. 


Tex. Bus. & Com. Code Ann. § 27.01(c) (West 1987) (emphasis added).